LAURA AGNUS HOWARD *v.* STATE OF MARYLAND
[No. 546, September Term, 1975.]

\* \* \*

RICHARD ALDEN HOWARD, SR. *v.* STATE
OF MARYLAND

[No. 547, September Term, 1975.]

*Decided June 25, 1976.*

76

The cause was argued before ORTH, C. J., and THOMPSON, POWERS and MOORE, JJ.

*Reginald W. Bours, III, Assigned Public Defender*, and *John M. King* for appellants.

*Arrie W. Davis, Assistant Attorney General*, with whom were *Francis B. Burch, Attorney General, Andrew L.*

*Sonner, State's Attorney for Montgomery County,* and *Thomas L. Heeney, Assistant State's Attorney for Montgomery County,* on the brief, for appellee.

ORTH, C. J., delivered the opinion of the Court.

Laura Agnus Howard [1], 900 Neal Drive, Rockville, Maryland, was arrested on 24 March 1974. Officer William F. Green of the Montgomery County Police Department promptly executed a statement of charges, No. 195999, signed by a judicial officer as returned on the day of the arrest.[2] The charging document gave 24 March 1974 as the offense date, the time as 12:10 A.M. and the location as Mrs. Howard's address. It alleged that she "did unlawfully violate Art. 27, Sect. 121 of the State of Md. to wit did make a disturbance of the Public Peace by wilfully disturbing the public peace by making loud and unseemly noises, profanity, swear & curse, against the peace government and dignity of the state." [3] She was released upon posting an unsecured personal bond in the amount of $500.

Richard Alden Howard, Sr., the husband of Laura Agnus Howard, was also arrested on 24 March 1974. Four statements of charges emanated from his arrest. Three of them, Nos. 198403, 198404, and 195996, were executed by Sergeant Jack W. Hall and the other one, No. 195998, was executed by Corporal J. E. Eckenrode, both members of the Montgomery County Police Department. All four charging documents were signed by a judicial officer as returned on 24 March 1974, and all pertained to arrest no. 37376 and report no. RD412510. In the statement executed by Eckenrode the time of the offense was given as 12:10 A.M.

---

1. Mrs. Howard's middle name is sometimes given as "Agnes" in the record before us.

2. M.D.R. 706, § c 3 provides: "Whenever a defendant is arrested without a warrant, the officer in whose custody the defendant is placed for charging shall promptly prepare, or shall supervise the prompt preparation of, a statement of charges against the defendant."

3. Officer Green set out the following in the statement of charges as the "factual information or observations (probable cause)" on which the charge was based: "On - 03 - 24 - 74 at approx 0010 hrs. Mrs. Laura Agnus Howard did yell, curse and generally act in a disorderly manor by being extremely loud and boisterous and disturbing the public peace at 900 Neal Dr. Rockville, Md."

and the place as Lynn Court and Neal Drive. It alleged that Mr. Howard "did unlawfully commit the crime of Disturbance of the peace (Public) art. 27, Sec. 121 of the annotated Code of Maryland by willfully disturbing the public peace by making loud and unseemly noises, profanity, swear and curse against the peace, government, and dignity of the State." [4] Statement of Charges no. 195996 executed by Hall alleged that Mr. Howard "did unlawfully commit the crime of Disturbance of the Public Peace Art. 27 section 121 Annotated Code of Maryland by willfully disturbing the public peace by making loud and unseemly noises, profanity curse and swear and use obscene language against the peace, government and dignity of the state." [5] Statement of Charges no. 198403 executed by Hall alleged that Mr. Howard "did unlawfully make an assault upon Jack W. Hall and did then and there beat, bruise and ill treat the said Jack W. Hall, against the peace, government, and dignity of the state. Commonlaw of the state of Maryland against the peace, government, and dignity of the state." [6] Statement of Charges no. 198404 executed by Hall alleged that Mr. Howard "did unlawfully hinder and prevent Jack W. Hall, a public police officer in the lawful execution of his duty, knowing him to be such officer Common laws of the state of Md. against the peace, government, and dignity of the state." [7] Mr. Howard was released upon posting a "personal" bond in the amount of $500.

---

4. Eckenrode gave as "factual information or observations (probable cause)" that he and another officer "did observe Mr. Richard Alden Howard Sr. using loud and obscene language within walking distance of persons on the street."

5. The charge was based on the following "factual information and observations": "I Jack W. Hall did observe Laura Agnes Howard standing in front of 900 Neal Dr. Rockville, Md. Montgomery County, Md. using obscene language, and making loud noises within hearing of persons passing by on a public street. I placed Laura Agnes Howard under arrest."

6. This charge was based on the following "factual information and observations": "I, Jack W. Hall was trying to arrest Laura Agnes Howard, when Richard Alden Howard Sr., did strike me in the face several times with his fist, he bloodied my nose, and raise a large swelling area under my left eye."

7. The basis of this charge was stated to be that "I, Jack W. Hall was trying to apprehend and arrest Laura Agnes Howard, when Richard Alden Howard Sr., did punch and strike me with his fist and hinder and prevent me from arresting Laura Agnes Howard, by pulling and striking me."

Although on each Statement of Charges the judicial officer set the trial date as 16 May 1974, it seems that the cases came for trial as to both accused on 24 September 1974.[8] Mr. Howard and Mrs. Howard demanded a jury trial, Courts Art. § 4-302 (d) (1), and the presiding District Court judge ordered that the "original papers" be transferred to the Circuit Court for Montgomery County. Bond was continued as to each accused. The five Statements of Charges were filed in the Circuit Court for Montgomery County and docketed on 30 September 1974.[9] According to the docket entries in each case under date of 1 November 1974, a motion by Mr. and Mrs. Howard to consolidate the cases was granted.[10] It appears from the docket entries that at a preliminary inquiry hearing on 1 November Mr. Howard and Mrs. Howard stood "mute on plea" and demanded a jury trial. The court entered a plea of not guilty. Bond was continued as to each accused. On 24 January 1975 the State filed a "Motion for Appropriate Relief." [11] The relief sought was that (1) the case in which Mrs. Howard was charged be severed from the four cases in which Mr. Howard was charged and remanded to the District Court for Montgomery County for trial, and that (2) with respect to the four cases in which Mr. Howard was charged, Criminal 15234 and Criminal 15235, each alleging a disturbance of the peace in violation of Code, art. 27, § 121, be severed and

8. According to the State, "one continuance was obtained by [Mr. and Mrs. Howard] and a second continuance was obtained, but the record does not disclose at whose behest." State's Brief at 4. Mr. and Mrs. Howard state in their brief that before the cases came on for trial in the District Court, the State moved to consolidate the charges for trial to which Mr. and Mrs. Howard consented. Appellants' Brief at 1-2. In its brief the State declares that "All cases were consolidated for purposes of trial in the District Court . . . ." State's Brief at 4.

9. Statement no. 195999, charging Mrs. Howard was docketed as Criminal No. 15230. Statements nos. 198403, 198404, 195996, and 195998, charging Mr. Howard were docketed as Criminal Nos. 15232, 15233, 15234, and 15235, respectively.

10. The motion and order granting it do not appear in the record before us.

11. In the interim Mr. and Mrs. Howard had filed a demand for particulars which ultimately resulted in a hearing on 18 December 1974 at which the Motion for Bill of Particulars was "overruled in part and sustained in part."

remanded to the District Court for Montgomery County for trial. Mr. and Mrs. Howard answered, opposing the motion. The State requested a hearing and the matter was heard on argument of counsel on 12 March 1975. The court issued an order dated 7 May 1975 and filed 8 May 1975:

> "ORDERED that Criminal Numbers 15234 and 15235 charging Richard A. Howard, Jr. with disturbing the peace on two different occasions under Article 27, Section 121, be and they are hereby severed from Criminal Numbers 15232 and 15233 and 15230 and remanded for disposition to the District Court for Montgomery County; and it is further
>
> ORDERED that Criminal Number 15230 charging Laura A. Howard with disturbing the peace under Article 27, Section 121, is hereby severed from Criminal Numbers 15232 and 15233 and remanded to the District Court of Montgomery County for disposition."

In each case against them, Mr. and Mrs. Howard, on 5 June 1975, filed a request with the Clerk of the trial court that he "enter an appeal to the Court of Special Appeals of Maryland . . . from the opinion, order and judgment of the Circuit Court for Montgomery County . . . of May 7, 1975." [12]

I

The State included a motion to dismiss the appeal in its brief as authorized by Maryland Rule 1036, § d. The argument in support of the motion was that the order appealed from was a proper exercise of the lower court's

---

12. The record in each case was received by this Court on 30 July 1975. On 17 October 1975 appellants filed a motion to supplement the records by including therein a stipulation of facts signed by the Assistant State's Attorney prosecuting the cases. We denied the motion by our order of 29 October on the ground that only that which had been before the trial court was properly to be included in the record before us.

discretion granted by Rule 735.[13] *Neal v. State,* 272 Md. 323 (1974) is cited as indicating that a "rightful exercise" of the court's discretion is not immediately appealable. Mr. and Mrs. Howard oppose the motion in their reply brief. Rule 1036 § d. They claim that the order of 7 May 1975 was not merely an exercise of judicial discretion resulting in a severance of offenses and defendants authorized by Rule 735. They assert that the order finally terminated the proceedings in the Circuit Court for Montgomery County as to three cases, criminal 15230 against Mrs. Howard and criminals 15234 and 15235 against Mr. Howard, and that it finally adjudicated both their right to a jury trial in those cases and the jurisdiction of the Circuit Court for Montgomery County to try them. We agree that it was a final judgment going to the jurisdiction of the court. The motion to dismiss the appeal is denied. See *State v. McCray,* 267 Md. 111, 126 (1972).

II

Statement of Charges no. 195999 (Criminal 15230) as to Mrs. Howard and Statements of Charges no. 195998 (Criminal 15235) and no. 195996 (Criminal 15234) as to Mr. Howard alleged a commission of the crime proscribed by Code, art. 27, § 121.[14] The offense created by the statute is a misdemeanor. Any person convicted thereof shall "be sentenced to a fine of not less than one dollar and not more than one hundred dollars or shall be subject to

13. Rule 735 provides:

"If it appears that an accused or the State will be prejudiced by a joinder of offenses or of defendants in an indictment, or by joinder for trial together, the court may order an election or separate trials of counts, grant separate trials of defendants or provide such other relief justice requires. A motion under this Rule may be made only before the jury is sworn, or, where trial by jury is waived, before any evidence is received."

14. In the context of the allegations against Mr. and Mrs. Howard, § 121 of art. 27 makes it a crime for any person to wilfully disturb any neighborhood in any city, town or county of this State by loud and unseemly noises and to profanely curse or swear or use obscene language upon or near to any public street or highway in any such city, town or county within the hearing of persons passing by or along such highway. See *Matter of Nawrocki,* 15 Md. App. 252 (1972), *cert. den.,* 266 Md. 741 (1972).

imprisonment for not more than thirty days, or shall be subject to both such fine and imprisonment, in the discretion of the court and shall pay costs of the prosecution." Statement of Charges no. 198403 (Criminal 15232) alleged that Mr. Howard committed the crime of assault and battery, and Statement of Charges no. 198404 (Criminal 15233) alleged that he committed the crime of hindering a police officer in the execution of the officer's duty. These crimes are common law misdemeanors without statutory designation of punishment. Thus, punishment is within the discretion of the trial court with the limitation that it be not cruel or unusual. *Roddy v. Finnegan*, 43 Md. 490, 500-506 (1876); *Wilkins v. State*, 5 Md. App. 8, 22 (1968); *Coleman v. State*, 4 Md. App. 386, 390-391 (1968), *cert. den.*, 252 Md. 730 (1969); *Perkins on Criminal Law* (2d ed.) 494-498; 3 *Wharton's Criminal Law* (Anderson), § 1283. See *Matter of Nawrocki*, 15 Md. App. 252, 263 (1972), *cert. den.*, 266 Md. 741 (1972).

The criminal and civil jurisdiction of the District Court is bestowed by statute. Its criminal jurisdiction is designated by Courts Art. §§ 4-301 through 4-303, which specify the criminal cases in which it has exclusive original jurisdiction, concurrent jurisdiction and no jurisdiction.

A. *Exclusive Original Jurisdiction Cases, § 4-301*

The District Court has exclusive original jurisdiction in cases in which the charge is:

1) a violation of the vehicle laws or the State Boat Act; [15]

2) the commission of a common law or statutory misdemeanor; [16]

3) a violation of certain sections of Code, art. 27, whether a felony or misdemeanor, if the value

---

**15.** When the charge is against a person at least 16 years of age or a corporation.

**16.** By ch. 307, Acts 1975, effective 1 July 1975, the words "regardless of the amount of money or value of the property involved" were added.

of money or the thing taken, stolen, received, converted, or shoplifted does not exceed $500; [17]

4) if not a felony,

   a) a violation of a county, municipal, or other ordinance;

   b) a criminal violation of a state, county, or municipal rule or regulation;

   c) doing or omitting to do any act made punishable by a fine, imprisonment, or other penalty as provided by a particular law, ordinance, rule, or regulation defining the violation. [18]

## B. *Concurrent Jurisdiction Cases, § 4-302 (c)*

The jurisdiction of the District Court is concurrent with that of the circuit court in a criminal case in which the penalty may be confinement for three years or more or a fine of $2,500 or more. [19]

## C. *No Jurisdiction Cases, § 4-302 (a) and (b)*

The District Court does not have jurisdiction to try a case:

1) charging the commission of a felony, except those specified violations of art. 27, see A 3) above, which are felonies;

2) in which a juvenile court has exclusive original jurisdiction, except as provided by § 4-303. [20]

---

**17.** Prior to 1 July 1975 the designated sections of art. 27 were § 140 (False Pretenses), § 142 (False Pretenses), § 144 (False Pretenses), § 340 (Larceny), § 353 (Larceny After Trust), § 466 (Receiving Stolen Goods), § 551A (Shoplifting). By ch. 307, Acts 1975, references to §§ 140, 142 and 144 were deleted.

**18.** As to 2, 3, and 4, when the charge is against a person at least 18 years old or a corporation.

**19.** We note that the circuit court does not have original jurisdiction to try a case charging a violation of the vehicle laws or the State Boat Act unless the District Court is first divested of its exclusive original jurisdiction by proper demand for a jury trial as discussed *infra.*

**20.** Section 4-303 provides:

"The District Court has jurisdiction over a person who is brought before a court sitting as a juvenile court if:

Thus, the case against Mrs. Howard and the two cases against Mr. Howard, charging violations of art. 27, § 121, disturbing the peace, were within the exclusive original jurisdiction of the District Court because the offense charged was a statutory misdemeanor as to which the maximum penalty authorized for confinement was less than three years.[21] As for the two remaining cases against Mr. Howard, charging assault and battery, and obstructing a police officer, however, the jurisdiction of the District Court, arising because each offense was a common law misdemeanor, was concurrent with the jurisdiction of the circuit court inasmuch as to each offense the penalty may be confinement for three years or more.

The District Court may be deprived of its jurisdiction of a criminal case, be it exclusive original or concurrent with that of the Circuit Court, by the proper demand of a defendant for a jury trial.[22] The demand is proper when the defendant is entitled to a jury trial and claims it at any time prior to trial in the District Court. Courts Art. § 4-302 (d) (1). He is entitled to it "if the penalty for the offense with which he is charged permits imprisonment for a period in excess of three months; . . . ." Courts Art. § 4-302 (d) (2). Thus, considering the cases separately, Mr. Howard and Mrs. Howard were not entitled to a jury trial in the cases charging a violation of art. 27, § 121, disturbing the peace, and could not deprive the District Court of its exclusive original jurisdiction over those cases by demanding a jury trial. Mr. Howard, however, could deprive the District Court of its jurisdiction to try the two cases in which he was charged with assault and obstructing a police officer by demanding the jury trial to which he was entitled because the charges permitted imprisonment for a period in excess of

(1) The juvenile court waives jurisdiction or the person elects to be tried according to the regular criminal procedure; and

(2) The offense charged is within the jurisdiction conferred by § 4-301." See A above.

21. On the Statement of Charges against Mrs. Howard, her date of birth was given as 31 October 1924. On the Statements of Charges against Mr. Howard, his date of birth was given as 7 December 1925.

22. The State may not demand a jury trial. Courts Art. § 4-302 (d) (2).

three months. As he made timely demand for a jury trial in those two cases, the District Court was deprived of its jurisdiction over them which it had concurrently with the circuit court, and jurisdiction as to them vested in the circuit court. The question is: Did the demand for a jury trial by Mr. Howard as to the offenses of assault and obstructing an officer not only deprive the District Court of its jurisdiction over those two offenses and bestow exclusive original jurisdiction over them on the circuit court, but also deprive the District Court of its exclusive original jurisdiction over the disturbing the peace offenses against Mr. Howard, or against both Mr. and Mrs. Howard, and bestow exclusive original jurisdiction over them on the circuit court?

Courts Art. § 4-302 (e) declares:

> "Except as provided in Subtitle 5, the District Court does not have jurisdiction of an offense or offenses otherwise within the District Court's jurisdiction if a person is charged with an offense or offenses arising from the same circumstances but not within the District Court's jurisdiction. In this case, the circuit court for the county has exclusive original jurisdiction over all the offenses." [23]

This appeal requires a construction of § 4-302 (e) and specifically of the phrase "not within the District Court's jurisdiction."

On 17 June 1976 the Court of Appeals filed its opinion in *Thompson v. State*, 278 Md. 41 (1975). Thompson was charged with three violations of the motor vehicle laws arising out of the same circumstances. Only one of the offenses carried such a maximum penalty as would entitle him to demand a jury trial prior to trial in the District Court. He demanded a jury trial and the entire case was transferred to the Criminal Court of Baltimore for trial.

---

23. According to the Revisor's Note, the exception pertaining to Subtitle 5 was intended to cover unusual situations involving juvenile causes in Montgomery County. Subtitle 5 was repealed by Acts 1975, ch. 554, § 2, effective 1 July 1975.

When the case came on for trial, the State entered a *nolle prosequi* with respect to the offense which met the penalty requirements for entitlement to a jury trial under Courts Art. § 4-302 (d) (2). Thompson demanded a jury trial on the two remaining offenses or, in the alternative, that they be remanded to the District Court for trial. The trial judge rejected the demand for a jury trial. It was his opinion that there was no right to a jury trial at the circuit court level [24] on those "petty" offenses. He also refused to return them to the District Court for trial on the ground that jurisdiction once obtained by a circuit court remained in that court. Thompson, convicted at a bench trial of one of the charges and acquitted of the other, appealed. This Court affirmed the judgment. *Thompson v. State*, 26 Md. App. 442 (1975) and the Court of Appeals granted certiorari. It reversed the judgment of the Court of Special Appeals and remanded with direction that we reverse the judgment of the Criminal Court of Baltimore and remand the case to that court for a new trial. The Court of Appeals held:

> (1) Upon Thompson's timely demand in the District Court for a jury trial, exclusive original jurisdiction over all three offenses became vested in the Criminal Court of Baltimore.
>
> (2) The jurisdiction of the Criminal Court of Baltimore over the two "petty" offenses did not depend on the prosecution of Thompson on the offense punishable by more than three months imprisonment. Therefore, the entry of the nolle prosequi on the charge which entitled Thompson in the District Court to demand a jury trial did not divest the Criminal Court of jurisdiction over the two remaining offenses. "Section 4-302", the Court of Appeals said, at 47-48, "deals only with circumstances whereby jurisdiction *attaches* in the circuit courts over offenses 'otherwise within the

---

24. "Circuit court" includes the Criminal Court of Baltimore. Courts Art. § 4-101 (b).

District Court's jurisdiction.' Nothing in the provisions of that section or of any other statute or Rule of this Court supports Thompson's contention that the Criminal Court's jurisdiction may be subsequently ousted by dropping the [charge punishable by a sentence of more than three months]."

(3) Thompson was entitled to a jury trial in the Criminal Court of Baltimore on the two remaining charges. The Court of Appeals construed Courts Art. § 4-302 (d) as concerning "only the right to make a demand, in the District Court, for a jury trial. It has no application to the right to a jury trial for charges pending in the Criminal Court." 277 Md. at 48. It opined that "the right to a jury trial in criminal cases in the circuit court and Criminal Court of Baltimore, as opposed to the District Court, has not been limited by statute. In such circumstances, where a defendant is charged with a crime in a court of general common law jurisdiction, and where no legislative enactment restricts his right to a jury trial, we believe he is entitled to the common law mode of trial, *i.e.*, trial by jury. . . . No Maryland statute denies a defendant, charged in the Criminal Court with a so-called 'petty' crime, the right to a jury trial. While it may be constitutional to do so, [citations omitted], the statutory provisions do not reflect such an intent on the Legislature's part. . . . Absent legislative action taking the right away (in those instances where it would be constitutional to do so), the common law right to a jury trial remains applicable . . . . Moreover, nothing in the Maryland Rules purports to remove the common law right of a defendant to a jury trial in the Criminal Court." 277 Md. at 49, 52-53.

It is manifest that under the *Thompson* rulings, the trial court erred with respect to Mr. Howard in its order issued 7 May 1975 at the instance of the Motion for Appropriate

Relief by the State. Upon Mr. Howard's demand for a jury trial in the District Court, the Circuit Court properly acquired jurisdiction over all of the offenses with which Mr. Howard was charged.[25] He was entitled to have all those offenses tried in the Circuit Court, and by a jury upon proper demand. Therefore, we vacate that part of the order of the Circuit Court which severed Criminal Numbers 15234 and 15235, charging Richard A. Howard, Sr. with disturbing the peace, and remanded them for disposition to the District Court for Montgomery County.

The part of the order of 7 May 1975 which remanded the charge against Mrs. Howard to the District Court for disposition is in a different posture. As we have indicated, the penalty for that offense did not permit imprisonment for a period in excess of three months, so she was not entitled to demand a jury trial prior to trial in the District Court. Courts Art. § 4-302 (d). Apparently, the charge against her was transferred to the Circuit Court upon demand for a jury trial by Mr. and Mrs. Howard because it had been consolidated with the charges against Mr. Howard, but the record before us does not show a consolidation in the District Court. See note 8 *supra*. In any event, even if the charge against Mrs. Howard were consolidated in the District Court with the charge against Mr. Howard, and even if such consolidation were proper [26] for the purpose of trial in the District Court, it could not serve to divest the District Court of its exclusive original jurisdiction over the case against Mrs. Howard. Courts Art. § 4-302 (d) plainly states "The District Court is deprived of jurisdiction if *a defendant* is *entitled to* and demands a jury trial at any time prior to trial in the District Court." (Emphasis added). Section 4-302 (e) speaks in terms of "a person" charged with an offense or

---

**25.** Although there were two separate charges of disturbing the peace against Mr. Howard, it is clear that they arose from the same circumstances.

**26.** Maryland Rule 734 applicable to the circuit courts, permits "two or more indictments to be tried together if the offenses and the defendants, if there be more than one, could have been joined in a single indictment." There is no comparable Maryland District Rule. But see Maryland District Rules 1 a 1 and 2, 343, 501 and 716.

offenses arising from the same circumstances but not within the District Court's jurisdiction. We see no intendment in statute or Rule to permit the divesting of the exclusive original jurisdiction of the District Court in the circumstances here. The jurisdiction to try the criminal case against Mrs. Howard remained in the District Court and the Circuit Court was without jurisdiction to try it. That part of the order of 7 May 1975 which remanded Criminal No. 15230, charging Laura A. Howard with disturbing the peace, to the District Court for disposition is affirmed.

We have several final observations prompted by appellant's arguments. Even if the point had been preserved for review, we do not believe that the statutes and Rules as applied to decide this appeal deny due process of law or are otherwise constitutionally offensive. Mrs. Howard has no absolute right, constitutional or otherwise, to be tried jointly with her husband, whose voluntary action divested the court, having exclusive original jurisdiction over both, of its jurisdiction over him. And we point out that jurisdiction cannot be conferred upon a court by the parties by way of agreement or acquiescence. *State v. McCray, supra,* at 126.

> *Those parts of the order of 7 May 1975 of the Circuit Court for Montgomery County as to Richard A. Howard, Sr., severing Criminal Numbers 15234 and 15235 from Criminal Numbers 15232 and 15233 and remanding Criminal Numbers 15234 and 15235 to the District Court for disposition vacated; those parts of said order as to Laura A. Howard, severing Criminal Number 15230 from Criminal Numbers 15232, 15233, 15234 and 15235 and remanding Criminal Number 15230 to the District Court for disposition affirmed.*