## STATE *v.* RICHARDSON.

The owner of personal property is not justified in assaulting and obstruct-
ing an officer who attempts in good faith to attach the same upon process
against a third person, although such assault and obstruction be necessary
to protect the property from being taken by the officer.

It is no defence to an indictment for obstructing an officer in the service of
a writ, that the property he was attaching thereon did not belong to the
individual against whom the process he was serving was issued, but to
the defendant, who made no further resistance than was necessary to
prevent his property from being taken into the custody of the officer.

INDICTMENT, charging the respondent with having know-
ingly and wilfully, at Landaff, in said county, on the 9th
day of December, 1857, with force and arms, obstructed
one Cyrus Willis, a deputy of the sheriff of this county,
duly authorized and specially appointed for that purpose,
in the service of a certain writ of attachment, particularly
described and duly and legally issued, the same being a
lawful process in a civil case, said Willis being then and
there duly and lawfully qualified to serve the same, and
engaged in the due and lawful service thereof—the respond-
ent then and there well knowing him to be so appointed,
qualified and engaged as aforesaid, &c., &c., contrary to
the form of the statute.

On the trial, the government offered evidence tending
to sustain all the material allegations of the indictment,
and to prove that while Willis, in good faith, believing a
certain horse, which he was directed to attach, to be the
property of the defendant named in the writ of attach-
ment described in the indictment, was attempting to attach,
and in the act of taking said horse he was assaulted and
obstructed by the respondent, who knew that he was duly
appointed and authorized to serve said writ.

Thereupon the respondent offered to prove, in justifica-
tion of his said assault upon and obstruction of said Willis
as aforesaid, that he was the owner of the horse which

State *v.* Richardson.

Willis was engaged in attaching, and that whatever assault was made and obstruction interposed by him, were made and interposed in defence of his property in said horse, and were necessary to protect the same from being taken by said Willis.

The court having rejected the evidence thus offered, a verdict of guilty was taken by consent; upon which judgment is to be rendered, or the same is to be set aside and a new trial granted, according as the opinion of the whole court may be as to the admissibility of the rejected evidence.

*H. Hibbard,* for the defendant.

*Sullivan,* Attorney-General, and *C. W. & E. D. Rand,* for the State.

Fowler, J. In *State* v. *Fifield,* decided in this county by the Superior Court, December term, 1845, the report of which is not yet printed, the precise question raised in the present case was considered and settled. The respondent there was indicted for obstructing a deputy-sheriff in the removal of certain personal property which he had attached as belonging to one Page, on a writ against him, and which was lying at a mill occupied by Page. The respondent offered to show in evidence upon the trial, that the property attached was his own, having been previously assigned to him by Page; and that he used no more force than was necessary to retain the property in his own possession, and prevent the officer from taking it away. The court being of opinion that, if shown, these facts would constitute no defence, rejected the testimony offered, and a verdict of guilty having been rendered, the case was transferred on exceptions to this ruling and to the form and allegations of the indictment.

After disposing of the objections taken to the indictment, by overruling them, *Woods,* J., in delivering the

opinion of the court, says : " The last exception to be considered is that which was taken to the exclusion of the evidence offered by the defendant, to prove that the goods were his own, and not the goods of Page, against whom the process was, and whose property it required the officer to take.

" The good faith and lawful purpose of the officer, in seizing the goods in controversy, are implied in the verdict, which establishes the fact that he was resisted in the service of the process; so that the question presented is, whether an officer, who, in the service of a process against one, and intending to serve it, attempts to take property which belongs to another, may lawfully be resisted by the latter with such force as shall suffice to enable him to retain possession of his own."

After adverting to the conflicting decisions of the Supreme Courts of Massachusetts and Vermont on this question, as found in the cases of *Commonwealth* v. *Kennard*, 8 Pick. 133, and *State* v. *Downer*, 8 Vt. 424, analyzing the reasoning of the two tribunals, and illustrating at some length the correctness of the principle maintained in *State* v. *Downer*, the learned judge proceeds :

" The obvious tendency of the doctrine for which the defendant contends, (that asserted by the Supreme Court of Massachusetts, in *Commonwealth* v. *Kennard*,) to promote disturbances of the peace by emboldening parties, otherwise sufficiently disposed to be strenuous in cases of doubt, and to appreciate in such cases the benefits of actual possession and present use of the disputed goods, suffices of itself to awaken the greatest doubt of its soundness.

" It is true that the owner of goods, in possession of them, may in general resist a trespass designed to take them from his possession. It is also true, that the seizure of the goods of one person, upon process against another, is technically a trespass, for which the law has provided the

State *v.* Richardson.

same remedy as for the wanton aggression of a stranger, without color or excuse. But it does not necessarily follow that the two acts may not be distinguished in the particulars under consideration. For one, preventive force is often the only protection ; for the other, the law has provided remedies so perfect as to take away all excuse and all strong necessity or reasonable temptation for the exertion of such force.

"Indeed, in every aspect in which we have been able to consider the question, we are unable to find those reasons for doubting, which the conflict of high authorities might induce us to expect, and are decidedly of opinion that the defence which the defendant offered was rightly rejected at the time, and that there must be judgment on the verdict."

The doctrine of *State* v. *Downer,* which was thus approved and confirmed by our own court, has been reäffirmed by the Supreme Court of Vermont, in *State* v. *Muller,* 12 Vt. 437 ; in *Merritt* v. *Miller,* 13 Vt. 416, and in *State* v. *Buchanan,* 17 Vt. 573 ; and commends itself to our judgment as the only sound and reasonable rule of law in the premises. To hold that an officer, duly qualified, and known to be so, may be resisted with impunity, while proceeding in good faith to attach property which he is directed to attach and indemnified for attaching as the property of the defendant in the process he is executing, by any person claiming to own that property, would impose upon every officer the necessity of investigating and deciding correctly at his peril every controversy in relation to the ownership of property shown to him as belonging to the debtor, before he could safely act. It is unnecessary to say how utterly impracticable and impossible this would be. No man who regarded his personal safety or pecuniary interests would venture to attach personal property the title of which was in controversy, if such a rule were established and generally understood and practiced upon

by the community. Besides, there is no occasion for such a rule. If the property of one person is taken upon a writ or execution against another, the law affords ample means of redress by a writ of replevin, an injunction, or other proceedings, without the owner's taking the law into his own hands. There is no such sacredness attached to personal property as can justify, in its defence, resistance to an authorized officer of the law, acting in good faith, under lawful process.

As the question before us was distinctly settled in *State* v. *Fifield*, in accordance with our convictions of what the true rule of law should be on this subject, the exceptions taken to the ruling of the court below, in precise conformity with that decision, must be overruled, and there must be judgment against the defendant upon the verdict.

*Judgment on the verdict.*