W. H. BRYANT ET AL., PLAINTIFFS IN ERROR, V. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

Criminal Law: RESISTING OFFICER: PROPERTY CANNOT BE SEIZED BY REPLEVIN ON SUNDAY. A writ of replevin conveys no authority to a sheriff or his deputy to seize property on the first day of the week, commonly called Sunday. And the recapture on the same day of the property so seized is not a resistance of an officer in the execution of his office.

ERROR to the district court for Gage county. Tried below before DAVIDSON, J.

*Colby, Hazlett & Bates,* for plaintiff in error.

*Isaac Powers, Jr., Attorney General,* for the State.

COBB, CH. J.

The plaintiffs in error were arrested, brought before a justice of the peace, and fined on a charge of resisting an officer in the discharge of his duty. They took an appeal to the district court, where they were again tried, found guilty, and sentenced to pay a fine of one dollar each and costs. They bring the cause to this court on error.

There is but one question presented by the record in this case, which is: Did the complainant, a deputy sheriff, obtain the legal and rightful possession of the horses named in the complaint, by virtue of the levy of a writ of replevin upon them, on the first day of the week, commonly called Sunday, so as to make the forcible recapture of said horses by the general owners thereof a resistance of an officer while in the execution of his duty as a deputy sheriff?

There is scarcely any question or dispute as to the facts. A writ of replevin was issued by the county judge under date the 29th day of July, 1882, against W. H. Bryant and W. H. Stockton, to answer to William Billings, and commanding the officers to whom the same was directed to seize and take the property therein described, as one black stallion horse, 8 years old, etc., and one dapple grey gelding horse, 6 years old, etc. This writ was delivered to the deputy sheriff at 6:30 o'clock Saturday evening. At about 7 o'clock the same evening, the said deputy served the said writ on the said Bryant and Stockton, by copy, but was unable to find the said horses. But on the 30th day of July, 1882, Sunday, at about 12 o'clock M., the said deputy sheriff found said horses, and immediately took possession of the same, and placed them in the barn of James Boyd for safe keeping. And about 7:30 o'clock the same evening, the plaintiffs in error went into said barn and forcibly removed said horses.

If the plaintiffs in error are guilty, their guilt depends upon the legality of the act of the deputy sheriff in seizing

and removing the horses, by virtue of the writ of replevin, on Sunday.

It may be admitted that we have no statute law which exactly covers the case. Section 38, of chapter 19, of the Compiled Statutes is in the following words:

"Sec. 38.  No court can be opened, nor can any judicial business be transacted on Sunday, or any legal holiday, except, 1. To give instructions to a jury, then deliberating on their verdict.  2. To receive a verdict, or discharge a jury.  3. To exercise the powers of a single magistrate in a criminal proceeding."

This provision is contained in a chapter devoted exclusively to the supreme and district courts, so that it can scarcely be said to apply strictly to county courts, and it is only by implication that it can be said to apply to the service of process.  But there is common law or what amounts to the same thing, an English statute of ancient date, 29 Car. II., c. 7, § 6, which provides:

"That no person upon the Lord's day shall serve or execute, or cause to be served or executed, any writ, process, warrant, order, judgment, or decree (except in cases or treason, felony, or breach of the peace), but that the service of every such writ, process, warrant, order, judgment, or decree, shall be void to all intents and purposes whatsoever; and the person so serving or executing the same shall be as liable to the suit of the party grieved, and to answer damages to him for doing thereof, as if he or they had done the same without any writ, process, warrant, order, judgment, or decree."

Applying the law as thus laid down, to the case at bar, how can we escape the conclusion that the formal service of the writ of replevin by the *de facto* seizure of the horses on the Lord's day impressed no right whatever on the part of the deputy sheriff upon the horses?

All official acts of the deputy sheriff so far as the writ of replevin was concerned, being absolutely void, the case

stood precisely as though A. N. Barnett, without pretense of official authority or writ, took the horses of the plaintiffs, in error, and put them in James Boyd's stable. It cannot be contended that this act would give Mr. Barnett any right of possession, or give him, as an officer, any official possession of the horses whatever. Hence, the recapture of the horses by the plaintiff in error, or the turning of them out of Boyd's stable, and taking them home, was no resistance to the official authority of the deputy sheriff. It necessarily follows that the conviction of the plaintiffs in error cannot be sustained.

The judgment of the district court is reversed, and the cause dismissed.

JUDGMENT ACCORDINGLY.

THE other judges concur.