## ROBERTS *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 109, September Term, 1957.]

658

*Decided June 19, 1958.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRES-COTT and HORNEY, JJ.

HORNEY, J., delivered the opinion of the Court.

This is an application by Charles Henry Roberts for leave to appeal from the denial of a writ of *habeas corpus* by Raine, J., of the Circuit Court for Baltimore County.

The petitioner on December 21, 1953, pleaded guilty in the People's Court of Wicomico County (Trial Magistrate Larmore) of six violations of the motor vehicle and criminal laws: (i) making a false affidavit to an application for a motor vehicle license (Code [1951], Art. 66½, § 109); (ii) failing to stop at the scene of an accident (Code [1951], Art. 66½, § 163); and (iii) four charges of manslaughter by automobile (Code [1951], Art. 27, § 455), and was sentenced to fourteen years in the Maryland House of Correction and fined $5,500, constituting the maximum penalties for all of the charges under the statutes referred to.

The petitioner assigned twenty reasons why he should be granted the writ prayed for, twelve of which were argumentative statements of facts and irrelevant points of law. Of the twelve mentioned, three were made for the first time on this application. He attacked the jurisdiction of the trial magistrate twice, and contended three times that the sentences were excessive and illegal. He asserted twice his lack of counsel to advise him and inform him of his rights. And he claims that his convictions were had without due process of law because he was not indicted and afforded a jury trial.

Judge Raine properly ruled that the magistrate had jurisdiction. Code (1951), Art. 52, § 13 (a), specifically provides that the several trial magistrates of this State (excluding those in Baltimore City) are vested with and shall have "jurisdiction to hear, try and determine all cases involving the charge of any offense, crime or misdemeanor, not punishable by confinement in the Penitentiary or involving a felonious intent, * * *." See also Code (1951), Art. 66½, Sec. 287. Moreover, § 13 (b) of Article 52 provides that, in the trial of all charges of any offense, crime, or misdemeanor, the person charged shall have the right to demand a jury trial, except in *motor vehicle cases*. The misdemeanor of "causing the death of another as the result of the * * * operation * * * of an automobile * * * in a grossly negligent manner" is not a "motor vehicle case," but a trial magistrate has jurisdiction to try "manslaughter by automobile" cases under § 13 of Article 52, *supra*. *State ex rel. Byrd v. Warden,* 191 Md. 670, 62 A. 2d 628 (1948). The trial magistrate's docket entries show that the petitioner was informed of his right to a jury trial on the manslaughter charges and that he "freely" elected to be tried by the trial magistrate. Since the petitioner in all of the manslaughter cases was charged with manslaughter by automobile by a state warrant and elected to be tried by the trial magistrate, from whom he took no appeal to the circuit court upon his conviction of the charge, it was not necessary for him to be indicted by a grand jury. Moreover, his waiver of a jury trial and his failure to take an appeal from his conviction by the

660

trial magistrate of the manslaughter charges did not constitute denial of trial by a jury.

Judge Raine also properly ruled that the prison sentences, aggregating fourteen years, were not excessive since they were within the maximum statutory limits. *Jones v. Warden,* 214 Md. 656, 136 A. 2d 377 (1957).

The petitioner's contention that his lack of counsel at his trial before the trial magistrate was a violation of his constitutional rights is without merit. There is no requirement that a defendant must be provided with counsel in a magistrate's court. If the petitioner had wanted counsel, he could have elected a jury trial on the manslaughter charges, or appealed his conviction of all the charges to the circuit court. In either event, if requested, he could then have had counsel appointed for him, if it appeared to be necessary. *Smith v. Warden,* 208 Md. 672, 119 A. 2d 364 (1956). He did neither, as the docket entries clearly show.

*Application denied, with costs.*