## ROBERTS *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[App. No. 1, September Term, 1960 (Adv.).]

*Decided June 14, 1960.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

HORNEY, J., delivered the opinion of the Court.

This is the second time that Charles Henry Roberts, after having entered pleas of guilty before the trial magistrate,[1] has sought relief in a collateral proceeding from the convictions—from which he did not appeal to the Circuit Court for Wicomico County—for six violations of the motor vehicle and criminal laws. The violations included a charge of making a false affidavit to an application for an operator's license, a charge of failing to stop at the scene of the accident, and four charges of manslaughter by automobile arising out of a single accident. Maximum sentences aggregating 14 years were imposed and maximum fines totaling $5,500 were levied. This is an application for leave to appeal from a denial of post conviction relief. The previous application for leave to appeal was from the denial of a writ of *habeas corpus*. See *Roberts v. Warden*, 217 Md. 656, 143 A. 2d 79 (1958).

In the *habeas corpus* proceeding (217 Md. 656), the applicant claimed (i) that the trial magistrate was without jurisdiction to try him; (ii) that he had been denied a trial by jury; (iii) that the prison sentences aggregating fourteen years were excessive and *illegal;* and (iv) that the failure to appoint counsel to defend him was a violation of his constitutional rights. The application was denied on all points. In this post conviction proceeding, though in somewhat different form, the applicant renewed points (i) [lack of jurisdiction], (iii) [excessiveness of sentences] and (iv) [failure to appoint trial counsel] ; and asserted a new point to the effect that the trial magistrate was prejudiced against him.

The record is clear that counsel for the applicant at the post conviction hearing abandoned points (i) and (iv) and the new point concerning the alleged prejudice of the trial magistrate. There is no doubt, of course, that the contention as to lack of jurisdiction [point (i)] and failure to appoint trial counsel [point (iv)], having been previously and finally litigated in the prior *habeas corpus* proceeding, may not be relitigated in this post conviction proceeding. Code (1959 Cum. Supp.), Art. 27, § 645A (a) ; *Roberts (Robert) v.*

---

1. The People's Court of Wicomico County.

*Warden,* 221 Md. 576, 155 A. 2d 891 (1959). It might also be said that the contention as to the excessiveness of the sentences [point (iii)] was previously and finally litigated too in the *habeas corpus* proceeding, but in this post conviction proceeding the applicant, in addition to asserting generally that the four consecutive sentences aggregating fourteen years exceeded the maximum authorized by law, now specifically contends that inasmuch as all four deaths were the result of a single accident there should have been only one conviction for manslaughter by automobile with a maximum sentence of three years.

At the post conviction hearing, citing *Gilpin v. State,* 142 Md. 464, 121 Atl. 354 (1923), and *Bennington v. Warden,* 190 Md. 752, 59 A. 2d 779 (1948), the applicant argued—because the rule is that one cannot be subjected to a second trial for the same offense—that the "same offense" in this instance was one negligent act which caused all of the deaths; that the same evidence was necessary to convict him on each warrant; and that had the double jeopardy rule been applied, as it should have been under the circumstances, only one conviction for manslaughter by automobile could have been entered.

It appears that there is a division of authority as to what constitutes the *same offense* for the purpose of applying the rule, but we are not concerned with that question here. Whether or not the applicant was placed in double jeopardy could have been raised on an appeal to the circuit court—and by leave of this Court on *certiorari* under the provisions of Code (1957), Art. 5, § 21, but we do not reach the question here. *Young v. Warden,* 218 Md. 636, 145 A. 2d 238 (1958).

*Application denied.*