## PRESTON *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[App. No. 49, September Term, 1960.]

*Decided April 11, 1961.*

Before Brune, C. J., and Henderson, Hammond, Horney and Marbury, JJ.

Horney, J., delivered the opinion of the Court.

Robert L. Preston (the applicant) was convicted by the Circuit Court for Harford County of "resisting an officer in making arrest" and was sentenced to ten years in the House of Correction. Either before or after or simultaneously with this conviction, he was also convicted of an "assault on Trp. Mullin" and was sentenced to five years in the same institution, the two sentences to run concurrently. Apparently the charges of which the applicant was convicted were based on his misconduct when a trooper attempted to place him under arrest on a charge of larceny.

In the original petition for post conviction relief, the applicant claimed only that "resisting arrest doesn't carry the penalty which I have been given," but in his amended petition, the applicant abandoned the original contention and alleged (i) that he was convicted of a crime—*resisting arrest*—which does not exist in this State and (ii) that his convictions for resisting arrest and for assault amounted to double jeopardy in that he was convicted twice on the same set of facts. In his application for leave to appeal, the applicant also alleged for the first time (iii) that the relief prayed for should have been granted because the State failed to file an answer to the petition for relief within the time limited by the statute.

The first contention lacks substance. A refusal to submit to lawful arrest and resistance to an officer of the law in the performance of his duties constitutes an offense at common law (4 Wharton, *Criminal Law and Procedure,* § 1617; Perkins, *Criminal Law,* p. 424), and is an offense in this State. Moreover, the warrant was so worded as to charge the applicant with the common-law offense of resisting arrest, and, having been found guilty thereof, the sentence imposed was neither excessive nor illegal.

The second contention—that the applicant was convicted twice on the same set of facts—could have been raised in the trial court and reviewed on direct appeal, but the question is

not properly before us in this proceeding. Cf. *Roberts v. Warden,* 223 Md. 635, 161 A. 2d 668 (1960).

The third contention, made for the first time in this Court, is also not properly before us and will not be considered.

*Application denied.*