## CAMPBELL *v.* WARDEN OF MARYLAND PENITENTIARY

[App. No. 26, September Term, 1961.]

*Decided October 19, 1961.*

Before HENDERSON, HAMMOND, HORNEY, MARBURY and SYBERT, JJ.

PER CURIAM.

In this application for leave to appeal the order dismissing his petition for post conviction relief from his imprisonment for the possession and control of a narcotic drug and for the breaking and entering perpetrated to gain possession of the drug, the applicant, who pleads guilty to both offenses, presents four questions:

"(1). Was the court within its right to impose a term for a narcotic violation where none existed?

"(2). Could petitioner be legally convicted of a narcotic violation when narcotic was said to be obtained in an attempted burglary?

"(3). Could petitioner be legally charged, convicted and sentenced separately for an offense that grows out of primary charges?

"(4) Should the court have accepted a plea of 'guilty' where no new and separate crime existed?"

It is apparent from these questions that the applicant in effect contends (i) that the evidence was legally insufficient to convict and (ii) that he was twice placed in jeopardy. Time and time again we have said that both of these contentions might have been raised on direct appeal, but not in a collateral proceeding. See, for example, *Burgess v. Warden*, 221 Md. 610, as to the sufficiency of the evidence; and *Roberts v. Warden*, 223 Md. 635 and *Young v. Warden*, 218 Md. 636, as to double jeopardy.

*Application denied.*