## CHARLES LEROY BUSCH *v.* STATE OF MARYLAND

[No. 13, September Term, 1980.]

*Decided March 13, 1981.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, ELDRIDGE, COLE, DAVIDSON and RODOWSKY, JJ.

*Gary E. Bair, Assigned Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellant.

*Stephen Rosenbaum, Assistant Attorney General,* with whom was *Stephen H. Sachs, Attorney General,* on the brief, for appellee.

DAVIDSON, J., delivered the opinion of the Court. MURPHY, C. J., dissents and files a dissenting opinion at page 680 *infra.*

In the District Court of Maryland sitting in Prince George's County, Charles Leroy Busch, the petitioner, was charged in a statement of charges that read in pertinent part:

## STATEMENT OF CHARGES

. . .

[I]t is formally charged that Charles Leroy Busch
. . . did unlawfully *resist and hinder* a police officer
in the lawful execution of his duties, knowing him
to be a police officer in violation of Common Law of
Md." (Emphasis added.)

Thereafter, the petitioner was found guilty of resisting arrest.

The petitioner appealed to the Circuit Court for Prince George's County. At a trial *de novo,* after the jury was sworn, the State moved to amend the statement of charges. Although the petitioner objected, the Circuit Court permitted the statement of charges to be amended to read in pertinent part:

## STATEMENT OF CHARGES

. . .

"[I]t is formally charged that Charles Leroy Busch
. . . did unlawfully *resist arrest by* a police officer in
the lawful execution of his duties, knowing him to
be a police officer in violation of Common Law of
Md." (Emphasis added.)

The petitioner was tried on the amended charge and found guilty of resisting arrest.

The petitioner filed a petition for a writ of certiorari that we granted. We shall reverse the judgment of the Circuit Court.

When an appeal is taken from a District Court to a Circuit Court, the offenses are tried on the original District Court charging document. *Lewis v. State,* 289 Md. 1, 4, 421 A.2d 974, 977-78 (1980). *See* Md. Rule 710 d. Maryland Rules

1314 b [1] and 713 a [2] establish that in an appeal from a judgment of a District Court to a Circuit Court that is tried *de novo,* a charging document may not be amended without the consent of the parties if the amendment changes the character of the offense. This case presents the question whether in such an appeal an amendment made without the consent of the petitioner constituted a matter of form or a change in the character of the offense charged.

In *Thanos v. State,* 282 Md. 709, 716, 387 A.2d 286, 290 (1978), this Court considered the question of what constitutes a change in the character of an offense. There the offense involved was shoplifting. Either the act of altering, removing, or otherwise disfiguring the price tag on an item of merchandise is one of the elements of this offense. The charging document in the District Court alleged that the accused attempted to alter the price tag on an item of merchandise. In a trial *de novo* in the Circuit Court, the charging document was amended without the consent of the accused to substitute the word "remove" for the word "alter." In holding that the amendment constituted a change in the character of the offense, we said:

"We thus think it clear that there is a change in the character of the offense charged where the amendment 'change[s] the basic description of the offense,' *Gray v. State, supra* at 416 [646]; it is

1. Md. Rule 1314 provides in pertinent part:

"Rules Applicable to Cases Heard De Novo.

. . .

b. *Amendment of Charging Document in Appellate Court.*

Maryland Rule 713 (Charging Document — Amendment) is applicable." (Emphasis in original.)

2. Md. Rule 713 provides in pertinent part:

"Charging Document — Amendment.
a. *Charging Document Other Than Indictment.*

Upon motion of either party or upon its own motion, the court may permit a charging document other than an indictment to be amended at any time before verdict, except that if the amendment changes the character of the offense charged, the consent of the parties is required." (Emphasis in original.)

equally clear that the basic description of the offense is indeed changed when an entirely different act is alleged to constitute the crime. . . . We think it elementary that where a specific criminal act has been charged, another may not be substituted for it on the theory that it is simply a matter of 'form.' "
[*Thanos*, 282 Md. at 716, 387 A.2d at 290.]

We think it equally clear that the basic description of the offense is indeed changed, not only when the amended charge requires proof of an act different from the act originally charged, but also when the amended charge requires proof of acts additional to those necessary to prove the offense originally charged. After an offense has been charged, another offense that requires proof of a different or additional act may not be substituted for the offense originally charged on the theory that such an amendment is simply a matter of form. Thus, in this case, in order to determine whether the amendment of the charging document changed the character of the offense originally charged, it is necessary to determine whether the offense of resisting arrest requires proof of an act different from or additional to the acts necessary to prove the offense of resisting, hindering, or obstructing an officer in the performance of his duties.

Resisting arrest constitutes an offense at common law. *Preston v. Warden of Md.,* 225 Md. 628, 629, 169 A.2d 407, 408, *cert. denied,* 366 U.S. 974, 81 S. Ct. 1940 (1961); *Jordan v. State,* 17 Md. App. 201, 208, 300 A.2d 701, 704 (1973); *Lyles v. State,* 10 Md. App. 265, 268, 269 A.2d 178, 180 (1970); R. Perkins, Criminal Law 495-97 (2d ed. 1969); 4 Wharton's Criminal Law & Procedure § 1617 (Anderson 1957). The character of this common law offense was described in *Regina v. Bentley,* 4 Cox C.C. 406, 406-08 (1850). There it was said:

"The prisoner was indicted for cutting and wounding with intent to *resist his lawful apprehension:* the evidence showed that the prosecutor, a police constable, went with a brother officer, both

being in plain clothes, and with two other policemen in uniform, to a public-house, and told the prisoner that he wanted him on a charge of highway robbery. He had no warrant, but from information he had received, he thought it his duty to apprehend the prisoner. The latter asked him for further information relative to the charge, which he refused to give, and the prisoner then told him that he would not go to the station-house, unless he was told why, or by what authority, he was apprehended. On the witness immediately proceeding to arrest him, the prisoner violently assaulted and seriously injured him.

*Robinson* (for the prisoner) contended that, upon this evidence, the prisoner could not be convicted of the crime alleged against him.

. . .

Talfourd, J. — I am of opinion, that the objection taken is not well founded. There is, upon the evidence, a sufficient case for the jury. I think that, *to support a charge of resisting a lawful apprehension, it is enough that the prisoner is lawfully apprehended, and it is his determination to resist it.*" (Emphasis added.)

In Maryland, this offense was described in *Preston,* 225 Md. at 629, 169 A.2d at 408. There an accused resisted when a trooper attempted to place him under arrest on a charge of larceny. The accused was charged with "resisting an officer in making arrest" and was convicted. On appeal, he contended that the offense of resisting arrest did not exist in Maryland and, alternatively, that the sentence imposed was illegal. This Court rejected both contentions and held:

"A refusal to submit to lawful arrest and resistance to an officer of the law in the performance of his duties constitutes an offense at common law, and is an offense in this State. Moreover, the warrant was so worded as to charge the applicant with the

common-law offense of resisting arrest, and, having been found guilty thereof, the sentence imposed was neither excessive nor illegal." (Citations omitted.) [*Preston*, 225 Md. at 629, 169 A.2d at 408.]

In *Preston*, this Court recognized that the offense of resisting arrest ordinarily requires resistance to a lawful arrest made by an officer of the law in the performance of his official duties. *Preston*, 225 Md. at 629, 169 A.2d at 408; *Jordan*, 17 Md. App. at 208, 300 A.2d at 704; *Lyles*, 10 Md. App. at 268, 269 A.2d at 180-81. *But see Rodgers v. State*, 280 Md. 406, 421, 373 A.2d 944, 952, *cert. denied*, 434 U.S. 928, 98 S. Ct. 412 (1977). Accordingly, in Maryland, a lawful arrest ordinarily is essential to the offense of resisting arrest. *Preston*, 225 Md. at 629, 169 A.2d at 408; *Kraft v. State*, 18 Md. App. 169, 175, 305 A.2d 489, 491 (1973), *overruled on other grounds, Goode v. State*, 41 Md. App. 623, 628 & n.6, 398 A.2d 801, 804 & n.6 (1979); *Streeter v. State*, 5 Md. App. 435, 439, 248 A.2d 119, 121 (1968). *See, e.g., Regina v. Walker*, 6 Cox C.C. 371, 372 (1854); *Regina v. Bentley*, 4 Cox C.C. at 406; *Rex v. Howarth*, 1 Moody, Cr. Cas. 207, 216 (1828). *See also State v. Russell*, 76 N.W. 653, 654 (Iowa 1898).

Resisting, hindering, or obstructing an officer of the law in the performance of his duties also constitutes an offense at common law. *Roddy v. Finnegan*, 43 Md. 490, 505 (1876); *Perkins on Criminal Law* 496-97 (2d ed. 1969); *Hochheimer's Criminal Law* 435-36, 440 (2d ed. 1904). The character of such a common law offense was described as long ago as 1634 in *Sheffelds Case*, Clayt. 10, 10-11 (1634). There it was said:

"An Action of false imprisonment brought against *a Constable,* who pleaded not guilty, the Defendant did shew in evidence, that he came to search in time of the plague for lodgers in the town, and he *found a stranger and questioned him which way he came into the town; who answered, over the bridge, and the Judge conceived this to be a scornfull answer to an Officer,* and because he had

no Passe, but travelled without one, and gave such an answer, the Defendant did offer to apprehend him, and the Plaintiffe thereupon being present said to the Defendant he shall not go to prison, but yet offered to passe his word for his forth coming, *upon which the Defendant did commit the Plaintiffe,* and it was ruled upon evidence, *there was good cause to commit the Plaintiffe for opposing the Constable though but verbally in his Office,* who is so ancient an Officer of the commonwealth." (Emphasis added.)

In Maryland, such an offense was recognized in *Roddy v. Finnegan,* 43 Md. at 500-05. There, Curran sold a wagonload of hay to Finnegan that was delivered by a driver to the street in front of Finnegan's stable. Either Finnegan or Curran directed the driver to put the hay in a window opening into Finnegan's stable loft. The driver drove the wagon onto the pavement below the window in violation of a city ordinance that made it a crime to drive a wagon onto the pavement of a street. When Roddy, a police officer, arrived on the scene, he asked why the wagon was on the pavement and ordered the wagon to be removed. After Finnegan told the officer to stop interfering with his business, Roddy told Finnegan that he was under arrest. In response to Finnegan's statement that he was going home, Roddy seized him.

Finnegan sued Roddy for assault and battery. Roddy defended on the ground that he was justified in using a reasonable amount of force because he was making a lawful arrest. Judgment was entered against Roddy.

This Court, holding that Roddy was making a lawful arrest and was, therefore, justified in using a reasonable amount of force, reversed and remanded for a new trial. In reaching this result, this Court relied upon two separate grounds for its finding that Roddy was engaged in making a lawful arrest. Initially, it stated that Finnegan had violated the ordinance either because he had himself directed the driver to drive the wagon onto the pavement or because he

had silently acquiesced in that action. Secondly, it specifically stated:

"If Finnegan had not been concerned in the violation of the Ordinance, yet, if when Roddy was inquiring into the circumstances, to enable him to ascertain the offending party, Finnegan obstructed him in the discharge of his duty; such conduct was unlawful, and justified Roddy in arresting him." [*Roddy,* 43 Md. at 505.]

In *Roddy,* this Court acknowledged that resisting an officer in the performance of his duties was an offense that could occur even before there was an arrest. Accordingly, this case demonstrates that an arrest [3] is not essential to the offense of resisting, hindering, or obstructing an officer in the performance of his duties. *Roddy,* 43 Md. at 505. *See, e.g., Regina v. Mabel,* 9 Carr. & Payne, 474, 475-76 (1840) (assaulting an officer preventing a breach of the peace); *The King v. Clarke,* 4 Nev. & Mann. 671, 677, 678, 680, 682 (1835) (assaulting an officer accompanying a tax collector to protect him from violence); *Rex v. Smith,* 6 Carr. & Payne 136, 136 (1883) (assaulting an officer investigating a disturbance in a public house). *See also Bryant v. State,* 16 Neb. 651, 654, 21 N.W. 406, 407 (1884) (resisting an officer serving a writ of replevin); *State v. Richardson,* 38 N.H. 208, 211-12 (1859) (resisting an officer serving a writ of attachment); *Commonwealth v. Baltzley,* 11 Pa. D. & C.2d 235, 236-44 (1957) (hindering and obstructing an officer investigating a call to suppress a riot).[4]

---

**3.** We are not here deciding whether the act of resisting the arrest of a person other than oneself constitutes the offense of resisting arrest or resisting, hindering, or obstructing an officer in the performance of his duties. *See* Howard v. State, 32 Md. App. 75, 78, 82, 359 A.2d 568, 571, 573 (1976), in which an accused, who struck an officer attempting to arrest the accused's wife, was charged with resisting, hindering, or obstructing an officer in the performance of his duties.

**4.** Legislatures in some jurisdictions other than Maryland have enacted statutes that recognize that the offense of resisting arrest requires an arrest while the offense of resisting, hindering, or obstructing an officer in the performance of his duties does not. *See, e.g.,* Ark. Stat. Ann. (1947, 1977 Repl. Vol.) §§ 41-2803-2804; N.Y. Penal Law (Consol. 1977), Art. 195, § 195.05; N.Y. Penal Law (Consol. 1980 Supp.), Art. 205, § 205.30. *See also*

678

Having determined that the offense of resisting arrest requires proof of an act different from or additional to the acts necessary to prove the offense of resisting, hindering, or obstructing an officer in the performance of his duties, we must now decide whether the amendment here changed the character of the offense charged from resisting, hindering, or obstructing an officer to resisting arrest. The charging document in this case was captioned "Resisting Arrest." The body of the charging document, however, stated that the accused did "resist and hinder a police officer in the lawful execution of his duties." Because the body of the charging document contained no reference to an arrest, the body of the charging document charged the offense of resisting, hindering, or obstructing an officer in the performance of his duties.

This Court has recognized that the caption of an offense appearing in a charging document does not determine the character of the offense alleged to have been committed by

Gilmer v. State, Ark., 602 S.W.2d 406, 407-08 (1980); State v. Bocksnick, 268 Ark. 74. 76-77, 593 S.W.2d 176, 177-78 (1980).

Ark. Stat. Ann. (1947, 1977 Repl. Vol.), § 41-2803 provides in pertinent part:

"Resisting arrest. — (1) A person commits the offense of resisting arrest if he knowingly resists a person known by him to be a law enforcement officer *effecting an arrest."* (Emphasis added.)

§ 41-2804 provides in pertinent part:

"Interference with a law enforcement officer. — (1) A person commits the offense of interference with a law enforcement officer if he knowingly employs or threatens to employ physical force against a law enforcement officer engaged in performing his official duties."

N.Y. Penal Law (Consol. 1977), Art. 195, § 195.05 provides in pertinent part:

"A person is guilty of obstructing governmental administration when he intentionally . . . prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful act."

N.Y. Penal Law (Consol. 1980 Supp.), Art. 205, § 205.30 provides:

"A person is guilty of resisting arrest when he intentionally .prevents or attempts to prevent a police officer or peace officer from *effecting an authorized arrest* of himself or another person." (Emphasis added.)

the accused. Rather, the character of the offense is determined by the facts stated in the body of the charging document. *State v. Carter,* 200 Md. 255, 262, 89 A.2d 586, 589 (1952).[5] Under the circumstances here, before the charging document was amended, it charged the offense of resisting, hindering, or obstructing an officer.

The charging document, however, was amended to state that the accused did

> "*resist arrest* by a police officer in the lawful execution of his duties." (Emphasis added.)

Because the charging document as amended contained a specific reference to an arrest, it charged the offense of resisting arrest.

The amendment here substituted the offense of resisting arrest for the originally charged offense of resisting, obstructing, or hindering an officer in the performance of his duties. The charge as amended required proof of an arrest while the original charge did not. Thus, the basic description of the offense charged was changed.

Because the amendment changed the character of the offense originally charged, it was not a matter of form. The petitioner did not consent to the amendment, and it was, therefore, impermissible. Accordingly, we shall reverse.

> *Judgment of the Circuit Court for Prince George's County reversed and case remanded to that court for a new trial on the charging document as it existed before the amendment.*
> *Costs to be paid by Prince George's County.*

---

5. Gray v. State, 216 Md. 410, 416, 140 A.2d 643, 646 (1958), relied upon by the State is inapposite. There, this Court found that the language of the caption of the charging document clarified the character of the offense charged in the body of that document.

Here, unlike *Gray,* the offense referred to in the caption is different from the offense charged in the body of the charging document. Under this cir-

*Murphy, C. J., dissenting:*

The Court holds that the amendment of the statement of charges was not a matter of form, but constituted a change in "the character of the offense originally charged." In so holding, the Court characterizes *Gray v. State,* 216 Md. 410, 140 A.2d 643 (1958), as being "inapposite." I believe that *Gray* controls the disposition of this case, and I therefore dissent.

In *Gray,* the appellant was charged with violating Maryland Code (1951), Art. 27, § 44 (a) (currently Maryland Code (1976 Repl. Vol., 1980 Cum. Supp.), Art. 27, § 36B) by a "state warrant," which captioned the offense as "Concealed Weapon" and charged in the body of the warrant that the defendant:

> " '*unlawfully* * * * *[carried] a deadly and dangerous weapon, to wit: Two '38 Caliber Pistols.' "* 216 Md. at 413 (italics in *Gray* case).

The warrant failed to include a necessary element of the offense, *i.e.,* whether the defendant carried the weapon "concealed upon or about his person" or "openly with the intent or purpose of injuring any person in any unlawful manner." The case was transferred to the circuit court after the appellant prayed a jury trial. Prior to Gray's trial, the warrant was amended over his objection to include the words "concealed upon or about his person."

As in the present case, the Court in *Gray* was required to determine whether the amendment of the charging document affected the character of the offense charged. We stated:

> "The real question then is whether the amendment of the state warrant changed the character of the offense charged therein. We think it is clear

cumstance, the caption should be disregarded. *See* People v. Sirinsky, 47 Ill.2d 183, 186-88, 265 N.E.2d 505, 506-07 (1970); People v. Williams, 37 Ill.2d 521, 524-25, 229 N.E.2d 495, 497 (1967), *cert. denied,* 390 U.S. 948, 88 S. Ct. 1036 (1968).

that it did not. The heading or titling was sufficient to show that it was a 'concealed weapon' warrant. It was so captioned on its face. Thus the warrant, even without amendment, actually informed the defendant of the charge against him in non-technical terms in that it set forth a charge that the defendant 'unlawfully carried' two 'deadly and dangerous weapons.' The amendment did not change the basic description of the offense. It merely specified the manner in which the defendant unlawfully carried the two pistols, that is, 'concealed upon and about his person,' instead of 'openly with the intent and purpose of injury to any person in any unlawful manner.' " *Id.* at 416.

Because the warrant's caption clarified the character of the offense charged in the body, we held in *Gray* that the subsequent amendment of the warrant did not change the character of the offense charged.

In the present case, the Court states that the criminal offense of resisting arrest requires an additional element beyond those elements necessary to prove the offense of resisting, hindering, or obstructing a police officer in the performance of his duties, namely, "resistance to a lawful arrest made by an officer of the law in the performance of his official duties." That additional element was succinctly described by the caption of the statement of charges — the defendant was informed that he resisted arrest by a police officer who was acting in the lawful execution of his duties. Thus, when the charging document was corrected by amendment the description of the offense was not changed any more than it was changed in *Gray.* As in *Gray,* there is no inconsistency here between the caption of the warrant and its body. As in *Gray,* the language of the caption clarified the character of the offense charged in the body of the charging document. Clearly, the defendant, in preparing a defense, knew that he was charged with the common law offense of resisting arrest.

We indicated in *Thanos v. State,* 282 Md. 709, 387 A.2d 286 (1978), that the holding of *Gray* remains viable. We stated at 282 Md. 715:

"Insofar as *Gray* may suggest that a charging document, alleging a violation of a Code section which prohibits several different acts, may be amended to charge an act not alleged in the original document, especially after jeopardy has attached, we hereby specifically repudiate it. *As for our holding on the actual facts in Gray, however, the decision retains its precedential value.* In that case, the statute forbade both the wearing or carrying of deadly weapons *concealed* about one's person and the wearing or carrying of such weapons *openly* with the intent to injure another. Md. Code (1951), Art. 27, § 44(a) (now codified, as amended, at Md. Code (1957, 1976 Repl. Vol.), Art. 27, § 36(a)). The warrant charged defendant with carrying a deadly weapon and was titled a 'concealed weapon' warrant; it was subsequently amended, at the beginning of the trial, to add in the text of the warrant the words 'concealed upon and about his person.' Two factors distinguish *Gray* from this case: *In Gray the caption of the warrant showed that it was a 'concealed weapon' warrant, and hence 'even without amendment, actually informed the defendant' which of the two proscribed acts he was charged with, 216 Md. at 416, 140 A.2d at 646; the amendment 'did not change the basic description of the offense.' Id.* In addition, without evaluating its effect, we note that the amendment was made before jeopardy attached." (Emphasis supplied.)

*Gray* should control this case in view of the similarity of facts and circumstances.