505 A.2d 1331

STATE of Maryland

v.

Gisela HUEBNER and Hans J. Huebner.

No. 94, Sept. Term, 1985.

Court of Appeals of Maryland.

March 24, 1986.

Richard B. Rosenblatt, Asst. Atty. Gen. (Jillyn K. Schulze, Asst. Atty. Gen., Stephen H. Sachs, Atty. Gen., on brief), Baltimore, for appellant.

Louis J. Martucci, Greenbelt, for appellees.

Argued before SMITH, Senior Judge, ELDRIDGE, COLE, RODOWSKY, COUCH and McAULIFFE, JJ., and CHARLES E. ORTH, Jr., Associate Judge of the Court of Appeals of Maryland (retired), Specially Assigned.

CHARLES E. ORTH, Jr., Judge, Specially Assigned.

Hans J. Huebner and Gisela Huebner, his daughter, were arrested in Prince George's County, Maryland, on 18 January 1984. The criminal causes filed against them have yet to be tried on the merits. The delay has no speedy trial implications, constitutional or statutory. The intervening time was spent in attempts to determine whether the District Court of Maryland sitting in Prince George's County or the Circuit Court for Prince George's County has jurisdiction to try the causes in the first instance. The Huebners urge that jurisdiction lies in the circuit court. The State claims that the District Court has jurisdiction. Both the District Court and the circuit court agreed with the State.

The Court of Special Appeals agreed with the Huebners. We agree with the Court of Special Appeals. We hold that the Huebners are entitled to be tried in the first instance in the Circuit Court for Prince George's County. We explain how we reached that holding.

The circumstances of the Huebners' arrests are not reflected in the record transmitted to us but apparently there was a brouhaha involving the Huebners and the police which resulted in Hans being charged with resisting arrest, tampering with a motor vehicle and disorderly conduct, and Gisela being charged with assault and battery on a police officer, hindering a police officer and disorderly conduct.[1] All of these offenses are within the jurisdiction and venue of the District Court of Maryland sitting in the district for Prince George's County. Maryland Code (1973, 1984 Repl. Vol., 1985 Cum.Supp.) §§ 4–301 and 4–302 of the Courts and Judicial Proceedings Article. The Huebners made timely demands for a jury trial. Indeed, they made known to the court and prosecution their desire to be judged by their peers on four occasions and have never wavered from that position. The prosecutor attempted to thwart their elections of a jury trial, and thereby keep the cases within the jurisdiction of the District Court, by announcing at a pre-trial conference before the Administrative Judge of the Prince George's District Court that the State did not intend to seek a sentence in excess of 90 days. The prosecutor was looking to the provisions of Maryland Code (1974, 1984 Repl.Vol.) § 4–302(d) of the Courts and Judicial Proceedings

---

1. We do glean from the record, however, that the cases attracted the interest of the public and the media. The State summoned 25 witnesses. Defense counsel expended some 250 hours preparing for trial, summoned 78 witnesses, had interviews with agents of the Federal Bureau of Investigation, the Human Relations Commission of Prince George's County, the Internal Affairs Division of the Prince George's County Police Department, and attended press conferences. The publicity prompted the Chief Judge of the District Court of Maryland to assign a judge from Baltimore City, "outside the sphere of influence of the Washington Post," to preside at the trial of the cases.

Article.[2]  The Administrative Judge agreed that if he were trying the cases, he would not impose a sentence in excess of 89 days.  So jurisdiction was retained in the District Court, but with an observation by the Administrative Judge that "if the trial judge disagreed as to the limitation of the sentence, the jury trial demand could be reasserted." [3]

---

**2.**  Maryland Code (1974, 1984 Repl.Vol.) § 4–302(d) of the Courts and Judicial Proceedings Article reads:

(d) *Jury trial.*—(1) The District Court is deprived of jurisdiction if a defendant is entitled to and demands a jury trial at any time prior to trial in the District Court.

(2)(i) Except as provided in subparagraph (ii) of this paragraph, unless the penalty for the offense with which the defendant is charged permits imprisonment for a period in excess of 90 days, a defendant is not entitled to a jury trial in a criminal case.

(ii) Notwithstanding the provisions of subparagraph (i) of this paragraph, the presiding judge of the District Court may deny a defendant a jury trial if:

1.  The prosecutor recommends in open court that the judge not impose a penalty of imprisonment for a period in excess of 90 days, regardless of the permissible statutory or common law maximum;

2.  The judge agrees not to impose a penalty of imprisonment for a period in excess of 90 days; and

3.  The judge agrees not to increase the defendant's bond if an appeal is noted.

(iii) The State may not demand a jury trial.

A 1984 amendment, effective 1 July 1984 (Acts 1984, Ch. 664) redesignated former subsection (d) to be present subsection (e).  *See* 1985 Cumulative Supplement to the Courts and Judicial Proceedings Article.

**3.**  The above resume of the proceedings at the pre-trial conference is taken from the Agreed Statement of Facts submitted to us.  The transcript of the proceedings shows that with reference to Gisela Huebner the prosecutor said, "[T]he State would inform the court that the State is going to bind itself to the eighty-nine day rule on all the charges against Ms. Huebner. . . ."  The Administrative Judge responded:

All I can do is make a determination that if the defendant was found guilty of everything they claimed that I, if I were trying it, would not impose a sentence greater than eighty-nine days.  I would not.

I do realize though that the trial judge, whoever it might be, might have a different opinion. . . .

The judge told defense counsel: "[You] may raise that issue again at that time. . . ."

Before the cases came on for trial, we filed our opinion in *Kawamura v. State*, 299 Md. 276, 473 A.2d 438 (1984).[4] In that case we indicated that § 4–302(d)(2)(ii) was unconstitutional as applied to a defendant charged with an offense to which the Maryland Declaration of Rights guarantees of a jury trial in the first instance attach.[5] *See Fisher v. State,*

---

The transcript of the proceedings shows that with reference to Hans Huebner the prosecutor informed the judge "that the State is going to invoke the eighty-nine day rule...." The judge said:

> [O]nce the State says they wish to invoke the eighty-nine day rule, then the question is: If the person was guilty, would I put him in jail for more than eighty-nine days?

The judge acknowledged that he could impose a longer sentence, but, he said, "[I]f I look at it in all honesty, I would not. So for that reason, I am going to have to bind myself to less than eighty-nine days."

4. When this Court filed its opinion in *Kawamura v. State,* 299 Md. 276, 473 A.2d 438 (1984), the Administrative Judge filed a "Memorandum and Order of Court" in which he opined that in the light of *Kawamura* "the trial judge should determine the issue of trial by jury anew, and should not be bound by the Administrative Judge's commitment [at the pre-trial conference]."

In view of the Judge's remarks at the conference, *see supra* note 3, it is arguable whether he made a "commitment" in regard to the limitation of sentence or left the matter up to the trial judge. In any event, the Administrative Judge's subsequent "Memorandum and Order of Court" resolved any question. Therefore, we now have no need to, and do not, decide whether a judge other than the actual trial judge can make the agreements called for by § 4–302(d)(2)(ii) 2 and 3.

5. Article 5 of the Maryland Declaration of Rights provides in relevant part:

> That the Inhabitants of Maryland are entitled to ... trial by jury....

Article 21 of the Declaration of Rights states:

> That in all criminal prosecutions, every man hath a right ... to a speedy trial by an impartial jury, without whose unanimous consent he ought not to be found guilty.

Article 23 of the Declaration of Rights provides in pertinent part:

> In the trial of all criminal cases, the Jury shall be the Judges of Law, as well as of fact, except that the Court may pass upon the sufficiency of the evidence to sustain a conviction.

Article 24 of the Declaration of Rights provides:

> That no man ought to be taken or imprisoned or disseized of his freehold, liberties or privileges ... or, in any manner, destroyed, or deprived of his life, liberty or property, but by the judgment of his peers, or by the Law of the land.

305 Md. 357, 504 A.2d 626 (1985).[6] *Kawamura* caused the State to try a new tack. It decided to forgo seeking the trial judge's agreement not to impose a sentence of imprisonment for a period in excess of 90 days. Instead, when the cases were called for trial the prosecutor entered a nolle prosequi to each charge against the Huebners except that of disorderly conduct. Of course, the Huebners objected to the entry of nol prosses. The trial judge ruled that action of the State was proper. He observed that the only charges remaining were "the petty offenses of disorderly conduct and disturbing the peace," denied the requests for a jury trial, and retained jurisdiction of the causes in the District Court. When his attention was called to actions filed by the Huebners in the circuit court, however, he held the trials of the criminal causes in abeyance.

The Huebners had instituted actions in the Circuit Court for Prince George's County by way of petitions praying that the court order the issuance of a writ of certiorari to the district court. The petitions sought a determination of the Huebners' entitlement to a jury trial.[7] The circuit court deferred action on the petitions pending a decision by the district court trial judge on the jury trial demands. Promptly upon the denials of a jury trial by the district court, the circuit court acted on the petitions. As to each petition, it noted that the District Court of Maryland "conducted further hearings, and, of this date, has determined that the

---

**6.** In *Kawamura v. State,* 299 Md. at 297, 473 A.2d 438, we held that the constitutional entitlement of a jury trial attached to the crime of theft as proscribed by Md. Code (1957, 1982 Repl.Vol.) Art. 27, § 342(f)(2). In *Fisher v. State,* 305 Md. 357, 366, 504 A.2d 626 (1985), we held that the constitutional entitlement of a jury trial attached to the offense of driving while intoxicated proscribed by Md. Code (1977, 1984 Repl.Vol.) § 21–902(a) of the Transportation Article. Thus, we have expressly determined that § 4–302 subsection (e), formerly subsection (d) of the Courts and Judicial Proceedings Article of the Md. Code, is unconstitutional as applied to a defendant charged with either of those offenses.

**7.** *See Kawamura v. State,* 299 Md. at 285 n. 8, 473 A.2d 438 (certiorari is a "proper procedural mechanism for raising a jury trial issue").

jurisdiction of this case is properly before the District Court of Maryland at the present time." The "Order of Court" in each case concluded:

WHEREFORE, it is this 17th day of April, 1984, by the Circuit Court for Prince George's County, Maryland,

ORDERED that the Petitioner's Writ of Certiorari is hereby denied and that this Court finds that jurisdiction is properly within the District Court of Maryland [sitting in Prince George's County].

The Huebners noted appeals from these judgments to the Court of Special Appeals. The intermediate appellate court reversed. *Huebner v. District Court,* 62 Md.App. 462, 490 A.2d 266 (1985). We ordered that a writ of certiorari to the Court of Special Appeals, requested by the State, be issued. The propriety of the action of the Court of Special Appeals will be determined by the resolution of the question presented by the State's petition:

Whether the District Court of Maryland retained jurisdiction over the criminal proceedings pending against [Gisela Huebner and Hans J. Huebner] following the prayer for a jury trial so as to render effective the nolle prosequi by the State of all charges on which a jury was demandable?

It is pellucid that the change in the tactics of the prosecution after our decision in *Kawamura* was triggered by the belief that the constitutional entitlement to a jury trial in the first instance attached to the offenses of assault and battery and resisting arrest but that there was no such entitlement as to disorderly conduct. Apparently this belief was shared by all concerned; neither the State nor the Huebners nor the judge of the District Court nor the judge of the circuit court made any suggestion to the contrary. The Court of Special Appeals expressly determined that the crimes of assault and battery and resisting arrest are within the ambit of the Maryland constitutional right to a jury trial and with the implication that the offense of disorderly conduct proscribed by Md.Code, Art. 27, § 123, is not.

*Huebner v. District Court,* 62 Md.App. at 468–470, 490 A.2d 266.

*Kawamura,* 299 Md. at 293–294, 473 A.2d 438, pointed out that in *State v. Stafford,* 160 Md. 385, 387, 153 A. 77 (1931), relying on *Baum v. Warden of Jail,* 110 Md. 579, 73 A. 294 (1909) and *Danner v. State,* 89 Md. 220, 42 A. 965 (1899), this Court "held that the state constitutional right to a jury trial attached, at the initial trial level, to the offense of assault and battery." We abide by that holding.

█ In this State, the crime of resisting arrest and the crime of assault and battery have certain similarities relevant to the right to a jury trial. Each crime constituted an offense at the common law inherited by Maryland. *Busch v. State,* 289 Md. 669, 673, 426 A.2d 954 (1981); *Preston v. Warden,* 255 Md. 628, 629, 169 A.2d 407, *cert. denied,* 366 U.S. 974, 81 S.Ct. 1940, 6 L.Ed.2d 1262 (1961); *Matter of Nawrocki,* 15 Md.App. 252, 263, 289 A.2d 846, *cert. denied,* 266 Md. 741 (1972). Neither crime has a penalty prescribed by the legislature; the punishment which may be imposed upon conviction is within the discretion of the sentencing judge. This discretion is tempered only by the constitutional admonitions that the punishment shall not be cruel and unusual.[8] Since the constitutional right to a jury attaches to assault and battery, then, by reason and logic, the right also attaches to resisting arrest. In *Baum v. Warden of Jail, supra,* the court held that an assault offense created by a local statute, even though it was not a felony and was not punishable by confinement in the penitentiary, entitled the defendant to a jury trial. It declared that the offense is "certainly of a more serious character than vagrancy or habitually disorderly conduct." 110 Md. at 585, 73 A. 294. Resisting arrest is a serious crime. "A refusal to submit to lawful arrest and resistance to an officer of the law in the

---

8. "[C]ruel and unusual punishments [shall not be] inflicted." Amendment VIII, Constitution of the United States. "[C]ruel or unusual punishment [ought not to be] inflicted, by the Courts of Law." Art. 25, Maryland Declaration of Rights.

performance of his duties ...," *Preston*, 225 Md. at 629, 169 A.2d 407, is a real affront to the public welfare and the police power of the state, and cannot be deemed other than serious.[9]  And the punishment which may be imposed for committing the offense is obviously infamous, even though the crime itself may not be.[10]  *See Huebner v. District Court*, 62 Md.App. at 470 n. 7, 490 A.2d 266.  In *Preston v. Warden*, 225 Md. at 629, 169 A.2d 407, we held that a sentence of ten years for resisting arrest "was neither excessive nor illegal." [11]  In short, the offense of resisting arrest meets the test, indicated in *Kawamura* and explicated in *Fisher*, for the attachment of the constitutional right to a jury trial at the initial trial level.  We hold accordingly.

█ It follows that the State acted wisely in abandoning its reliance on § 4–302(d)(2)(ii) of the Courts and Judicial Proceedings Article to retain jurisdiction of the criminal causes against the Huebners in the District Court.  The prosecutor's belief that the offense of resisting arrest and the offense of assault and battery were both offenses to which the Maryland constitutional right to a jury trial attached at the initial trial level, was well founded.  And the right attached to all the other offenses with which the Huebners were charged because it is not disputed that those other offenses arose out of the same circumstances. § 4–302(e) (now f) of the Courts and Judicial Proceedings Article.  Therefore, § 4–302(d)(2)(ii) would be unconstitu-

---

**9.** For the distinction between resisting arrest and hindering or obstructing an officer of the law in the performance of his duties, also a common law offense, *see Busch v. State*, 289 Md. 669, 675–677, 426 A.2d 954 (1981).  *See also Cover v. State*, 297 Md. 398, 466 A.2d 1276 (1983).

**10.** For a case suggesting that there is a difference between an infamous crime and infamous punishment, *see Hall v. State*, 22 Md.App. 240, 244 n. 5, 323 A.2d 435 (1974).  *Kawamura v. State*, 299 Md. at 291 n. 17, 473 A.2d 438.

**11.** In *Preston v. Warden*, 225 Md. 628, 169 A.2d 407, *cert. denied*, 366 U.S. 974, 81 S.Ct. 1940, 6 L.Ed.2d 1262 (1961) the sentence imposed for assaulting a police officer was five years.

tional as applied to each of Hans Huebner and Gisela Huebner and would not serve to attain the goal of the prosecutor.

The State acted improperly, however, in entering nolle prosequis to all the charges except disorderly conduct. Section 4–302(d)(1) (now (e)(1)) stated flatly: "The District Court is deprived of jurisdiction if a defendant is entitled to and demands a jury trial at any time prior to trial in the District Court." As we have seen, Hans Huebner and Gisela Huebner were each entitled to a jury trial. Prior to trial each of them duly demanded to be tried by a jury. Therefore, under the plain language of the statute, "[t]he District Court [was] deprived of jurisdiction." Also, as we have seen, the deprivation encompassed not only the assault and battery charge against Gisela and the resisting arrest charge against Hans, but all the other charges against both of them. As pointed out *supra*, under § 4–302(e) (now § 4–302(f)), once the circuit court obtains jurisdiction of a charge, it has exclusive original jurisdiction over all the offenses "arising from the same circumstances," even though those other offenses were "otherwise within the District Court's exclusive jurisdiction." *Id.; see Thompson v. State*, 278 Md. 41, 47, 359 A.2d 203 (1976). Furthermore, once the circuit court obtained jurisdiction, it could not thereafter be divested of that jurisdiction. 278 Md. at 47–48, 359 A.2d 203. It follows that the entry of the nolle prosequis was a nullity.[12]

---

12. In view of our conclusion, we do not reach the status of disorderly conduct *vis-a-vis* the entitlement to a jury trial. Any discussions would be obiter dictum. Nevertheless, we are constrained to point out that as far back as *State v. Glenn*, 54 Md. 572, 606 (1880) we held that a right to a jury trial does not extend to vagrant and habitually disorderly conduct. *See Fisher v. State, supra*, 305 Md. at 364, 504 A.2d 626. The Huebners were charged with disorderly conduct as proscribed by Md. Code (1957, 1982 Repl.Vol., 1985 Cum.Supp.) Art. 27, § 123. The statute, entitled "Disorderly conduct generally; penalty," declares that "[a] person may not act in a disorderly manner to the disturbance of the public peace, upon any public street [and certain other designated places]." *Id.*, subsection (a). The penalty for

The Attorney General of Maryland, representing the State on this appeal, suggests that at the time the State entered the nol prosses the cases were still within the jurisdiction of the District Court despite the prior timely demands for trials by jury. The Attorney General bases this notion on the fact that the district court judge had not yet ruled on the demands when the prosecutor entered the nol prosses.[13] The Attorney General argues that because there was no final ruling on the demands, the nol prosses were validly entered. Accordingly, there was no need for a ruling on the demands since the remaining charges constituted minor or petty offenses which in and of themselves, did not call for a jury trial. We think that the Attorney General had it backwards.

Section 4-302(d)(1) of the Courts and Judicial Proceedings Article had two prerequisites for the deprivation of jurisdiction, namely, (1) that the defendant is entitled to a jury trial, and (2) that he make timely demand therefor. The second

---

violating the prohibitions of the section are set out in subsection (b). It prescribes a fine of not more than $500, or imprisonment in jail for a period of 60 days or both. (Prior to Acts 1984, Ch. 644, effective 1 July 1984, the fine was not more than $50.) The conduct prohibited by § 123 is certainly not of a more serious character than vagrancy or *habitually* disorderly conduct, and the punishment prescribed is not infamous. It seems that disorderly conduct under Art. 27, § 123 is a minor criminal offense to which a jury trial guaranteed by the Maryland Declaration of Rights does not attach at the initial trial level.

13. During the argument in open court on the propriety of the entry of the nol prosses the Assistant State's Attorney said:

Your Honor, I just would like the record to reflect that the State entered this nol pros before defense counsel in court asked the trial judge to rule on his demand for a jury trial or even before that demand for a jury trial was made in open court to the trial judge. And I think that might be of some importance.

We do not think it was of any importance. Defense counsel was under no obligation to affirmatively ask for a ruling on the jury trial demands which were validly before the court. It was not a matter to be resolved by a race between the prosecutor and defense counsel. Nor was defense counsel required to make a demand for a jury trial to the trial judge in open court; the demands had long since been properly before the court.

is the obligation of the defendant. The determination of the first, when disputed, is for the District Court. Once a timely demand for a jury trial is made, the only function left to the District Court is to ascertain whether the defendant is entitled thereto. In all other respects its jurisdiction over the case is lost for the time being. Upon a determination by the court that the defendant is entitled to be tried by a jury, the jurisdiction of the circuit court attaches, the jurisdiction of the district court is finally terminated, and the case is to be transmitted by the clerk of the court to the circuit court for trial. Md. Rule 4–301(b). On the other hand, if the jury trial issue is resolved against the defendant, the jurisdiction of the District Court is reinstated and the trial proceeds in that court. Of course, in either instance, the propriety of the ruling is subject to an appropriate appeal. *See supra* note 7.

Maryland Rule 4–247(a) authorizes "[t]he State's Attorney [to] terminate a prosecution on a charge and dismiss the charge by entering a nolle prosequi on the record in open court." [14] "The entry of a nolle prosequi is generally within the sole discretion of the prosecuting attorney, free from judicial control and not dependent upon the defendant's consent." *Ward v. State,* 290 Md. 76, 83, 427 A.2d 1008 (1981). Here, however, the State's Attorney was stripped of this discretionary right by the demands for a jury trial. It has never been disputed in these cases that both Gisela Huebner and Hans Huebner were constitutionally entitled to a jury trial at the initial trial level and that they made timely demands. In fact, the maneuvers of the prosecutor and the action of the two courts were on that

---

**14.** Maryland Rule 4–247(a) requires that "[a] statement of the reasons for entering a nolle prosequi shall be made a part of the record." Here, the prosecutor did not expressly lay out his reasons on the record. From his comments at the time, however, it appears clear that the reason for the nolle prosequis was to obviate any right to a trial by jury by dismissing all the charges to which the constitutional right to a jury trial attached, and, thereby, preserve the jurisdiction of the district court.

unquestioned (and correct) premise.[15]   Where the State and the District Court and the circuit court went astray was in the effect the timely demands for the entitled jury trial had on the jurisdiction of the District Court.   At the time the State's Attorney presented the nolle prosequis in the District Court, that court had lost its jurisdiction over all of the charges against the Huebners, and the State's Attorney had no right to dismiss any of them by way of a nolle prosequi entered in that court.

The answer to the question presented by the petition to us for a writ of certiorari is that the District Court of Maryland *did not retain* "jurisdiction over the criminal proceedings pending against [Gisela Huebner and Hans J. Huebner] following the prayer for a jury trial so as to render effective the nolle prosequi by the State of all charges on which a jury was demandable."   The District Court judge, in the exercise of the inherent control he enjoyed over the operation and conduct of the court in which he was presiding, should have forbidden the entry of the nolle prosequis and sent all of the charges against the Huebners to the Circuit Court for Prince George's County for trial.   And the circuit court should not have followed the District Court's lead down the primrose path in denying the issuance of the writ of certiorari.

The Court of Special Appeals was correct in holding that the Circuit Court for Prince George's County erred in denying the issuance of the writs of certiorari prayed by the Huebners.   We affirm the judgment of the Court of Special Appeals.

JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED;

COSTS TO BE PAID BY PRINCE GEORGE'S COUNTY.

---

**15.**   Inasmuch as it is not disputed that the Huebners were entitled to be tried by a jury under the Maryland Declaration of Rights, the right to a jury trial under the Sixth and Fourteenth Amendments to the Constitution of the United States is not invoked.