610 A.2d 766

**3011 CORPORATION, INC. t/a U.S. Books**

v.

**DISTRICT COURT OF MARYLAND.**

**L.R. NEWS, INC. t/a Edgewood Books**

v.

**DISTRICT COURT OF MARYLAND.**

Nos. 35, 36, Sept. Term, 1991.

Court of Appeals of Maryland.

Aug. 20, 1992.

William E. Seekford, Towson, for appellant.

Andrew H. Baida, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., both on brief), Baltimore, for appellee.

Submitted to MURPHY, C.J., and ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW, KARWACKI and ROBERT M. BELL, JJ.

ELDRIDGE, Judge.

The Court issued writs of certiorari in these cases to decide whether a corporation, charged in the District Court with a criminal offense carrying a maximum penalty of imprisonment in excess of 90 days, has a right to a jury trial. We shall hold that a corporation under these circumstances has a statutory right to a jury trial under Maryland Code (1974, 1989 Repl.Vol.), § 4–302(e)(2)(i) of the Courts and Judicial Proceedings Article. Consequently, we need not and do not reach the issues of whether the appellant corporations had a constitutional right to a jury trial either under the Sixth and Fourteenth Amendments to the Constitution of the United States or under Articles 5, 21 and 23 of the Maryland Declaration of Rights.

The defendant-appellant in No. 35 is 3011 Corporation, trading as U.S. Books, and the defendant-appellant in No. 36 is L.R. News, Inc., trading as Edgewood Books. Both corporations operate so-called "adult bookstores" in Harford County. Each corporation was charged in the District Court of Maryland, sitting in Harford County, with 100 counts alleging violations of Maryland Code (1957, 1992 Repl. Vol.), Art. 27, § 416D, which prohibits the knowing display for advertising purposes of certain types of sexually oriented material.[1] Under Art. 27, § 416G, each violation of § 416D is subject to a fine up to $1,000 or imprisonment up

---

1. Art. 27, § 416D, provides as follows:
 "(a) Any person, firm or corporation is guilty of a misdemeanor if it knowingly displays for advertising purposes any picture, photograph, drawing, sculpture or other visual representation or image of a person or portion of the human body that depicts sadomasochistic abuse, sexual conduct or sexual excitement, or any verbal description or narrative account of these activities or items.
 (b) Any person, firm or corporation is guilty of a misdemeanor, if it knowingly permits any such display on premises owned, rented or managed by it."

to six months.[2] Each corporation was also charged with one count alleging a violation of Art. 27, § 418, prohibiting the exhibition, etc., of obscene matter.[3] A violation of Art. 27, § 418, is punishable by a fine not to exceed $1,000, or imprisonment not to exceed one year, or both. *See* Art. 27, § 424.[4]

In addition to the charges against the corporations, in each case charges of violating Art. 27, §§ 416D and 418 were filed against Mr. Larry Hicks, an officer in both corporations.

Each corporation and Mr. Hicks made timely demands for jury trials. The District Court held that Mr. Hicks was entitled to a jury trial, and all charges against him were forthwith transferred to the Circuit Court for Harford County for a jury trial. The District Court, however, agreed with the State's argument that the corporate defendants were not entitled to a jury trial, and the court refused to transfer the charges against the corporations to the circuit court for a jury trial. Upon being advised that the corporations intended to file in the circuit court petitions for writs of certiorari, the District Court continued the cases

---

**2.** Art. 27, § 416G, states:
 "Any person, firm or corporation which violates the provisions of this subtitle shall, upon conviction, be subject to a fine of up to one thousand dollars ($1,000) or imprisonment for up to six (6) months."

**3.** Art. 27, § 418, reads as follows:
 "Any person who knowingly sends or causes to be sent, or brings or causes to be brought, into this State for sale or distribution, or in this State prepares, publishes, prints, exhibits, distributes, or offers to distribute, or has in his possession with intent to distribute or to exhibit or offer to distribute, any obscene matter is guilty of a misdemeanor."

**4.** Art. 27, § 424, states:
 "Violation of this subtitle is punishable upon conviction by fine of not to exceed $1,000 or by imprisonment not to exceed one year, or both unless otherwise provided. Any subsequent conviction of a violation of this subtitle is punishable by a fine of not to exceed $5,000 or by imprisonment not to exceed three years, or both unless otherwise provided."

for later trial pending the filing and ultimate resolution of the certiorari petitions.

 The corporate defendants then filed in the Circuit Court for Harford County petitions for writs of certiorari, arguing that they were entitled to a jury trial and that, upon their timely demand for a jury trial, the District Court was deprived of jurisdiction under § 4–302(e)(1) of the Courts and Judicial Proceedings Article.[5] Following a hearing, the circuit court agreed that the corporate defendants were not entitled to jury trials. The court dismissed the petitions for writs of certiorari, and both corporations took appeals to the Court of Special Appeals.[6] This Court issued a writ of certiorari in each case prior to argument in the Court of Special Appeals.

 The corporate defendants argue that they have a statutory right to a jury trial under § 4–302(e)(2)(i) of the Courts and Judicial Proceedings Article. Alternatively, the defendants maintain that they are entitled to a jury trial under Articles 5, 21 and 23 of the Maryland Declaration of

---

5. Section 4–302(e)(1) provides as follows:
 "The District Court is deprived of jurisdiction if a defendant is entitled to and demands a jury trial at any time prior to trial in the District Court."
 A petition for a writ of certiorari, filed in the circuit court after the District Court refuses a demand for a jury trial in a criminal case, is an appropriate procedure for determining whether the defendant is entitled to a jury trial. The petition for a writ of certiorari, in this circumstance, invokes the original jurisdiction of the circuit court and not its appellate jurisdiction. *See Kawamura v. State,* 299 Md. 276, 283–285, 473 A.2d 438, 442–443 (1984).

6. After the circuit court dismissed the petitions, and while the appeals were pending, the District Court dismissed the counts charging each corporation with a violation of Art. 27, § 418. In determining whether a defendant charged in the District Court with multiple criminal offenses is entitled to have the case transferred to the circuit court for a jury trial, however, we look at those offenses which are charged at the time a jury trial is demanded in the District Court. If the defendant was entitled to a jury trial at the time he made a timely demand in the District Court, his entitlement is not affected by a subsequent dismissal or nol pros of one of the charges. *State v. Huebner,* 305 Md. 601, 606–607, 610, 505 A.2d 1331, 1334, 1337 (1986); *Thompson v. State,* 278 Md. 41, 359 A.2d 203 (1976).

Rights and under the Sixth and Fourteenth Amendments to the federal constitution.

The State's position is that no corporation ever has a statutory right to a jury trial under § 4–302(e)(2)(i) of the Courts and Judicial Proceedings Article. According to the State, the right to a jury trial under § 4–302(e)(2)(i) depends upon the defendant's being subject to imprisonment for more than 90 days, and a corporation cannot be imprisoned regardless of the seriousness of the offense. With regard to the jury trial clauses of the Maryland Declaration of Rights, the State argues that the offenses charged in these cases are all "minor offenses" to which the state constitutional right to a jury trial in the first instance does not attach under the principles set forth in numerous Maryland cases. The State cites *State v. Huebner*, 305 Md. 601, 608–610, 505 A.2d 1331, 1335 (1986); *Fisher v. State*, 305 Md. 357, 365–369, 504 A.2d 626, 630–632 (1986); *Kawamura v. State*, 299 Md. 276, 288–297, 473 A.2d 438, 445–449 (1984); *Danner v. State*, 89 Md. 220, 42 A. 965 (1899); *State v. Glenn*, 54 Md. 572 (1880), as well as other cases. Finally, the State contends that because the corporations are not subject to imprisonment, and because the maximum fine for any one offense charged is not sufficiently substantial, the corporations have no right to a jury trial under the Sixth and Fourteenth Amendments to the federal constitution.

We believe that the defendant corporations have a statutory right to a jury trial. Therefore, as previously stated, we shall not reach the state and federal constitutional issues argued by the parties.

Section 4–302(e)(2)(i) of the Courts and Judicial Proceedings Article, dealing with the right to a jury trial in District Court criminal cases, provides in relevant part that the defendant is entitled to a jury trial if

"the penalty for the offense with which the defendant is charged permits imprisonment for a period in excess of 90 days . . . ."

Under § 4–302(e)(1), "if a defendant is entitled to and demands a jury trial at any time prior to trial in the District Court," the "District Court is deprived of jurisdiction" and the case is to be transferred to the circuit court.

The State construes § 4–302(e)(2)(i) as if it provided that a defendant is entitled to a jury trial if the penalty to which the particular defendant may be subjected includes imprisonment in excess of 90 days. This is not, however, what the statute says. The maximum penalty provision relates to the *offense* itself and not to the particular defendant. Under the plain statutory language, if the offense itself is one punishable by imprisonment in excess of 90 days, there is a right to a jury trial whatever the possibility or probability that the defendant in a particular case would receive a sentence of imprisonment in excess of 90 days.

The General Assembly in § 4–302(e)(2)(i) was obviously drawing a line between less serious and more serious criminal offenses. It was using as a measure whether or not the maximum imprisonment authorized for the offense itself exceeded 90 days. If the maximum did exceed 90 days, the offense was deemed sufficiently serious for a defendant to have the option of a jury trial. Such an offense does *not* become less serious when it is committed by a corporation instead of an individual.

By making the statutory right to a jury trial under § 4–302(e)(2)(i) depend on the seriousness of the offense, rather than on the exposure faced by a defendant in a particular case, the General Assembly was utilizing the same principle that has traditionally been applied to the state constitutional right to a jury trial. As pointed out in *Kawamura v. State, supra,* 299 Md. at 292, 473 A.2d at 447, "it is the maximum sentence and place of incarceration established by the legislature for the particular offense which controls, and not the maximum sentence or place of incarceration ... in a particular case."

The offenses with which the corporate defendants in these cases were charged are punishable by maximum

prison sentences exceeding 90 days. Therefore, the corporate defendants were entitled to a jury trial under § 4–302(e)(2)(i) of the Courts and Judicial Proceedings Article.

JUDGMENTS OF THE CIRCUIT COURT FOR HARFORD COUNTY REVERSED, AND CASES REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION. HARFORD COUNTY TO PAY COSTS.