617 A.2d 610

Steven Craig HARRIS

v.

STATE of Maryland.

STATE of Maryland

v.

Steven Craig HARRIS.

Nos. 1804, Sept. Term, 1991, 573 Sept. Term, 1992.

Court of Special Appeals of Maryland.

Dec. 30, 1992.

Leonard R. Stamm (Goldstein & Stamm, P.A., on the brief), Greenbelt, for appellant and appellee, Harris.

David P. Kennedy, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on the brief), Baltimore, for appellee and appellant, State of Md.

Argued before GARRITY, BLOOM, and HARRELL, JJ.

BLOOM, Judge.

A collision between two automobiles on the Capital Beltway resulted in the death of an occupant of one of the cars. It also resulted in traffic citations being issued to Steven Craig Harris, the driver of the other vehicle and, later, additional criminal charges being lodged against Harris by way of a criminal information filed in the Circuit Court for Prince George's County. Those charges, in turn, have led to these two appeals, which were consolidated for oral argument.

The first appeal (No. 1804, September Term, 1991) was taken by Harris from an order of the Circuit Court for Prince George's County (Missouri, J.) denying his motion to dismiss, on grounds of double jeopardy, charges of driving while intoxicated (DWI) and driving while under the influence of alcohol (DUI).[1] The second appeal (No. 573, September Term, 1992) was taken by the State, pursuant to Md.Code, Cts. & Jud.Proc. Article, § 12–302(c)(1) (1989 Repl. Vol.), from a subsequent order of the same court (Sothoron, J.) dismissing those two charges on the grounds that the circuit court lacked jurisdiction over them.

We shall affirm the order denying Harris's motion to dismiss on double jeopardy grounds, and we shall reverse the judgment dismissing the charges on jurisdictional grounds.

Background: Facts and Proceedings

On 29 November 1990, an automobile driven by Harris crashed into a disabled vehicle that was at a standstill in

---

1. An immediate appeal lies from the denial of a motion to dismiss on the grounds of double jeopardy. *Bunting v. State,* 312 Md. 472, 477–78, 540 A.2d 805 (1988).

one of the traveled lanes of the Capital Beltway. An occupant of the disabled car was killed. Harris sustained injuries and was taken to a hospital. Analysis of a sample of blood drawn from Harris at the hospital indicated a blood alcohol concentration of .12%. The police officer who investigated the accident issued traffic citations charging Harris with driving while intoxicated, driving while under the influence of alcohol, failing to control his speed to avoid a collision, and negligent driving. The latter two citations, in accordance with standard police procedures, informed Harris that he could pay the pre-set fines noted thereon, the effect of which would constitute convictions of those offenses. On 3 December 1990 Harris paid to the District Court the pre-set fines for failure to control speed and negligent driving.

On 28 December 1990, a criminal information was filed in the Circuit Court for Prince George's County, charging Harris with seven offenses: (Count 1) manslaughter by automobile, (Count 2) reckless driving, (Count 3) negligent driving, (Count 4) homicide by vehicle while intoxicated, (Count 5) failure to control speed to avoid a collision, (Count 6) driving while intoxicated (DWI), and (Count 7) driving while under the influence of alcohol (DUI). Thereafter, the State entered a *nolle pros* in the District Court for the DWI and DUI traffic citations, intending to proceed against Harris solely on the newly filed information in the circuit court.

Appellant moved for a dismissal of the entire information based upon double jeopardy. The State conceded that under *Gianiny v. State,* 320 Md. 337, 577 A.2d 795 (1990),[2]

---

**2.** In *Gianiny,* the Court of Appeals explained that "[n]egligent driving is a lesser included offense within the greater offense of manslaughter by automobile." Negligent driving is also a lesser included offense within the greater offense of homicide by motor vehicle while intoxicated. *Webber v. State,* 320 Md. 238, 577 A.2d 58 (1990). Conviction of a lesser offense, as by payment of a pre-set fine, bars a subsequent prosecution for the greater, under the Maryland common law defense of *autrefois convict* as well as under the United States Constitution's

double jeopardy barred prosecution of the first five counts of the information, and it *nolle prossed* those counts. The court required the State to answer Harris's demands for particulars and, after considering written memoranda of law and hearing oral argument, the court denied Harris's motion to dismiss as to Counts 6 and 7. Harris appeals that denial of his motion to dismiss the DWI and DUI charges. The circuit court denied Harris's request to stay further proceedings pending his appeal, and we declined to issue a stay.

Undaunted, Harris filed another motion to dismiss the DWI and DUI charges, this time on the grounds that the circuit court lacked jurisdiction to try him on those charges. The court granted the motion to dismiss Counts 6 and 7 of the information; the State promptly appealed.

### The Issues

Harris frames the issues on his appeal as follows:

I Whether the prosecution as particularized by the State violates *Grady v. Corbin* [495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990)].

II Assuming the circuit court in ruling on appellant's motion to dismiss could limit the State's proof, whether the prosecution under the particulars as limited violates *Grady v. Corbin.*

III Whether *res judicata* precludes the State from trying appellant twice for offenses which could have been tried in a single proceeding.

On its appeal, the State asks but one question:

Did the circuit court acquire jurisdiction under section 4–302(f) of the Courts Article over drunk driving charges arising out of the same circumstances as auto manslaughter and related charges with which Harris was charged in the circuit court when those latter charges were *nolle*

---

prohibition against double jeopardy. *Gianiny,* 320 Md. at 342–44, 577 A.2d 795.

*prossed* before trial because they were barred by double jeopardy?

We shall address the State's question first.

Jurisdiction of the Circuit Court Under § 4–302(f)

 The State contends that the circuit court acquired jurisdiction over the DWI and DUI charges when the court acquired jurisdiction over the manslaughter charges arising from the same circumstances. Unquestionably that is the case; § 4–302(f) of the Cts. & Jud.Proc. Article of the Maryland Code expressly so provides. This case, however, presents the novel issue of whether a circuit court may acquire jurisdiction pursuant to that statute over an offense otherwise within the exclusive jurisdiction of the District Court when the charge that serves as the basis for the assertion of such jurisdiction is barred from prosecution by the prohibition against double jeopardy.

Harris received citations for driving while intoxicated, driving under the influence of alcohol, failure to control speed to avoid collision, and negligent driving. All of those charges are within the exclusive original jurisdiction of the District Court by virtue of § 4–301(a) of the Courts and Judicial Proceedings Article. On 3 December he paid the pre-set fines for failure to control speed and negligent driving. On 28 December he was charged with manslaughter by automobile, reckless driving, negligent driving, homicide by vehicle when intoxicated, failure to control speed to avoid collision, driving while intoxicated, and driving under the influence of alcohol. Vehicular manslaughter is a misdemeanor punishable by imprisonment of not more than ten years, or a fine of not more than $5,000, or both. Md.Code Ann., Art. 27, § 388 (1992 Repl.Vol.). Homicide by motor vehicle while intoxicated is also a misdemeanor punishable by imprisonment of not more than five years, or a fine of not more than $3,000, or both. Md.Code Ann., Art. 27, § 388A (1992 Repl.Vol.).

Section 4–302(d) of the Courts and Judicial Proceedings Article provides that the District Court shall have concur-

rent jurisdiction with the circuit court in criminal cases "[i]n which the penalty may be confinement for three years or more or a fine of $2,500 or more." Thus the circuit court and the District Court have concurrent jurisdiction over manslaughter by automobile and homicide by motor vehicle charges. But § 4–302(f)(1)(ii) provides that the District Court

> does not have jurisdiction of an offense otherwise within the District Court's jurisdiction if a person is charged: ... (ii) in the circuit court with an offense arising out of the same circumstances and within the concurrent jurisdiction of the District Court and the circuit court described under subsection (d) of this section.

In *Privette v. State*, 320 Md. 738, 745, 580 A.2d 188 (1990), the Court of Appeals considered the meaning of "same circumstances" and determined that "under § 4–302, once a person is charged in the circuit court, the District Court is divested of jurisdiction over *all offenses* arising out of the same accompanying facts. We do not believe the meaning of this phrase could be any plainer." *Id.* at 745, 580 A.2d 188. *See also Powers v. State*, 70 Md.App. 44, 48, 519 A.2d 1320 (1987), in which the District Court was divested of jurisdiction over a reckless driving charge when the defendant was charged in the circuit court with other offenses arising from the same accident in the circuit court. There are other analogous examples of such divestiture. A prayer for jury trial also divests the District Court of jurisdiction and precludes both the State and the defendant from acting on the charges at the District Court level. *See Thompson v. State*, 278 Md. 41, 47, 359 A.2d 203 (1976). And in *State v. Huebner*, 305 Md. 601, 505 A.2d 1331 (1986), the State's entry of *nolle prosequi* against defendants in the District Court after defendants prayed a jury trial was held to have had no effect. *Id.* at 610, 505 A.2d 1331. Similarly, in *State v. Garner*, 90 Md.App. 392, 601 A.2d 142 (1992), Judge Moylan, writing for this Court, noted that the District Court was divested of jurisdiction when the defendant prayed a jury trial. The effect of this divestiture was

to prevent the District Court from accepting payment of a pre-set fine on a traffic citation. *Id.* at 398, 601 A.2d 142.

In would appear to be indisputable, in view of the clear and unambiguous language of § 4–302(f), that when the information charging Harris with vehicular manslaughter and other offenses was filed in the circuit court, the District Court was divested of jurisdiction over the two remaining charges—driving while intoxicated and driving while under the influence of alcohol—arising out of the same circumstances, and the circuit court was vested with exclusive original jurisdiction over those offenses. Harris contended, however, and the court agreed, that the circuit court never acquired jurisdiction over the DWI and DUI charges because the prohibition against double jeopardy barred prosecution of him for both of the vehicular homicide charges over which the circuit court would ordinarily have had concurrent original jurisdiction.

That contention must be examined in light of the statute conferring jurisdiction in the circuit court and of the nature and effect of the double jeopardy defense.

In *Webber v. State,* 320 Md. 238, 577 A.2d 58 (1990), the Court of Appeals said:

The cardinal rule of statutory construction is to ascertain and carry out the legislative intention. *Kaczorowski v. City of Baltimore,* 309 Md. 505, 525 A.2d 628 (1987); *Guardian Life Ins. v. Ins. Comm'r,* 293 Md. 629, 446 A.2d 1140 (1982); *Vallario v. State Roads Comm'n,* 290 Md. 2, 426 A.2d 1384 (1981). As Judge Adkins pointed out for this Court in *Kaczorowski,* the plain meaning rule is a principal canon of statutory construction. We look to the words of the statute to discover what the Legislature intended to accomplish by it "because what the Legislature has written in an effort to achieve a goal is a rational ingredient of analysis to determine that goal." 309 Md. at 513, 525 A.2d 628. But the plain meaning rule is not rigid; " 'the meaning of the plainest language' is con-

trolled by the context in which it appears." *Id.* at 514, 525 A.2d 628.

320 Md. at 245, 577 A.2d 58.

There is nothing in the statute itself or in the broad statutory scheme of which it is a part to suggest that the Legislature intended it to accomplish any purpose inconsistent with the plain meaning of the words employed.

■ Section 4–302(f) plainly and simply says that the District Court has no jurisdiction over offenses otherwise within its exclusive jurisdiction and the circuit court has exclusive original jurisdiction over such offense "if a person is charged—[i]n the circuit court with an offense arising out of the same circumstances...." The statute does not require that the circuit court charge be a viable one or one that must culminate in an actual prosecution. Instead, the case law suggests that the court will exercise its jurisdiction even when the charge which served as the basis for the assertion of jurisdiction is later *nolle prossed* or eliminated in some other manner. *See generally Dealy v. United States,* 152 U.S. 539, 14 S.Ct. 680, 38 L.Ed. 545 (1894) (dismissal of one count of a prosecution does not bar the prosecution of the remaining counts). Section 4–302 of the Courts and Judicial Proceedings Article has been construed to pertain only to the attachment of jurisdiction:

> Section 4–302 deals only with circumstances whereby jurisdiction *attaches* in the circuit courts over offenses "otherwise within the District Court's jurisdiction." Nothing in the provisions of that section or of any other statute or Rule of this Court supports Thompson's [defendant's] contention that the Criminal Court's jurisdiction may be subsequently ousted by dropping the intoxicated driving charge. In many circumstances, once a court lawfully acquires jurisdiction over a case, that jurisdiction may continue despite subsequent events, even though those events would have prevented jurisdiction from attaching in the first place. *See Automatic Retailers v. Evans Cig. Serv.,* 269 Md. 101, 105, 304 A.2d 581 (1973);

*Hardisty v. Kay,* 268 Md. 202, 212, 299 A.2d 771 (1973); *Ledford Const. Co. v. Smith,* 231 Md. 596, 600, 191 A.2d 587 (1963); *Kramer v. Kramer,* 26 Md.App. 620, 634, 339 A.2d 328 (1975); *Gray v. State,* 6 Md.App. 677, 253 A.2d 395 (1969).

*Thompson v. State,* 278 Md. 41, 47–48, 359 A.2d 203 (1976).

 This attachment of jurisdiction necessarily precedes the assertion of the defense of double jeopardy. "[A] double jeopardy defense is not a defense upon the merits. *It is a defense in bar....* It is interposed as a *plea in bar* to prevent the initiation of new and sequential jeopardy following the termination of an earlier jeopardy." *Garner,* 90 Md.App. at 399, 601 A.2d 142 (1992). The double jeopardy shield functions as a modern day equivalent of the common law pleas in bar of *autrefois acquit* (formerly acquitted) and *autrefois convict* (formerly convicted). *Mauk v. State,* 91 Md.App. 456, 464, 605 A.2d 157 (1992). In order to determine whether double jeopardy bars the prosecution completely, the court must make a determination of law and fact. Double jeopardy is not an automatic defense—the court must determine whether a prior jeopardy did occur and whether the offenses in question constitute the same offense.[3] In *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932), the Supreme Court established a test for determining whether two offenses are the same:

---

**3.** *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), produced a classic definition of the purposes of the double jeopardy clause:

That guarantee has been said to consist of three separate constitutional protections. It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense. This last protection is what is necessarily implicated in any consideration of the question whether, in the imposition of sentence for the same offense after retrial, the Constitution requires that credit must be given for punishment already endured. (Citations omitted).
395 U.S. at 717, 89 S.Ct. at 2076.

The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

In expanding the "required evidence" test under *Blockburger* the Supreme Court held, in *Grady v. Corbin,,* 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), that a subsequent prosecution will be barred if the government, in proving the elements of the offense, must prove conduct that the defendant has already been prosecuted for. Clearly the court must apply these standards in determining whether double jeopardy bars subsequent prosecution. Even if the double jeopardy shield prevents the prosecution, the court, of necessity, must exercise jurisdiction over the case (provided that the court has the requisite subject matter jurisdiction over the offense and personal jurisdiction over the defendant)[4] in order to determine the applicability of the defense.

■ Pursuant to § 4–302(f)(1)(ii) the circuit court gained jurisdiction over the DWI and DUI charges when the indictments for other charges arising out of the same circumstances were filed in that court. At that point, the District Court was divested of jurisdiction. Once the circuit court obtained jurisdiction of the charges, it had "exclusive original jurisdiction over all offenses 'arising from the same circumstances,' even though those other offenses were 'otherwise within the District Court's exclusive jurisdiction.'" *State v. Huebner,* 305 Md. 601, 610, 505 A.2d 1331 (1986) citing *Thompson v. State,* 278 Md. 41, 47, 359 A.2d 203 (1976). The circuit court retained jurisdiction over the

---

4. "A trial court has jurisdiction for purposes of double jeopardy when it has jurisdiction over the subject matter and the person of the defendant." *Parks v. State,* 287 Md. 11, 16, 410 A.2d 597 (1980). For double jeopardy to have effect "the action which bars a second prosecution must be one instituted in a court which has the power to convict and punish the person prosecuted for his criminal conduct." *Moquin v. State,* 216 Md. 524, 528, 140 A.2d 914 (1958).

remaining charges despite the entry of *nolle prosequi* on the charges of manslaughter by automobile and homicide by vehicle while intoxicated when the State conceded that the prohibition against double jeopardy barred prosecution on those charges.

The court erred, therefore, in dismissing the DWI and DUI charges for lack of jurisdiction.

## Double Jeopardy/*Res Judicata*

All of the contentions Harris raises in his appeal fall with the collapse of his assertion that he was subject to subsequent or sequential prosecutions and not a continuing or simultaneous prosecution on the DWI and DUI charges.

■ Relying upon *Grady v. Corbin*, Harris argues that any subsequent prosecution in which the government will use in the proof of the DWI and DUI offenses conduct for which he has already been convicted is barred by double jeopardy. The *Grady* analysis is limited to successive prosecutions only, and has no effect upon continuing, simultaneous, or parallel jeopardies. *See Apostoledes v. State,* 323 Md. 456, 468–69, 593 A.2d 1117 (1991).

■ In both *Huff v. State*, 325 Md. 55, 599 A.2d 428 (1991), and *Schrimsher v. State*, 325 Md. 88, 599 A.2d 444 (1991), the Court of Appeals followed *Ohio v. Johnson*, 467 U.S. 493, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984), which is instructive in determining whether jeopardy is successive or simultaneous. As noted by Judge Rodowsky in *Huff*, the element that triggers the commencement of prosecution for succession purposes is the filing of the charging document:

> In the matter before us the prosecution is not successive. Here there is but a single prosecution for multiple offenses.... All of the charges were set for trial at the same time. (Footnote omitted.)

*Huff*, 325 Md. at 75, 599 A.2d 428. The fact that Harris was convicted of negligent driving and failure to reduce speed by virtue of his payment of the pre-set fines for those offenses does not make this a successive prosecution. Here

all four citations were written at once; two are resolved, two remain pending. Because the filing of the charging document (or issuance of citations) is the triggering mechanism of prosecution, the parallel prosecutions of each charge commenced November 29. In deciding this issue we rely upon the reasoning of the Supreme Court in *Ohio v. Johnson*, 467 U.S. at 501, 104 S.Ct. at 2541:

> No interest of respondent protected by the Double Jeopardy Clause is implicated by continuing prosecution on the remaining charges brought in the indictment. Here respondent offered only to resolve part of the charges against him....

Harris cannot avail himself of the protections of double jeopardy when the prosecution of the remaining charges still lingers on, awaiting resolution.

Since Harris has confined his double jeopardy claim to the protection afforded under the Fifth and Fourteenth Amendments to the United States Constitution and has not invoked the protection against double jeopardy afforded by Maryland's common law, the analysis of Judge Moylan in *Mauk v. State*, 91 Md.App. 456, 605 A.2d 157 (1992), is instructive. In *Mauk*, the defendant was granted a mistrial on the charge of possession with intent to distribute but was found guilty of simple possession. When a later trial date was set to hear the possession with intent to distribute charge, appellant, based on the conviction for the lesser included offense of possession, sought dismissal of the charge under the principles of double jeopardy.[5] As Judge Moylan carefully explained, under federal constitutional law, simultaneous jeopardies continue uninterrupted in their parallel paths:

---

5. Judge Chasanow's remarks in *Apostoledes v. State*, 323 Md. 456, 468, 593 A.2d 1117 (1991), specifically address the flaws in this attempted application of double jeopardy:

> Nowhere in its opinion did the *Grady* Court suggest that the Double Jeopardy Clause protects against multiple trials when one or more counts are left unresolved following an initial trial due to jury deadlock, the grant of a new trial, or reversal on appeal.

While these routinely simultaneous jeopardies are legitimately proceeding along their parallel tracks, the termination of jeopardy on one or more of the tracks—through the declaration of a mistrial, the entry of a *nol pros,* the granting of a directed verdict of acquittal, the rendering of a verdict of acquittal, the rendering of a verdict of conviction, etc.—has no carry-over effect on the other jeopardies still proceeding along their own tracks. Double jeopardy, limited as it is to a plea in bar, cannot be interposed to bar the attachment of jeopardy that has already attached. As a plea in bar, it simply comes too late. The attachment of jeopardy is already a *fait accompli.*

*Mauk,* 91 Md.App. at 477, 605 A.2d 157. Mauk, like Harris, founded his appeal on federal constitutional law. Had he asserted a double jeopardy defense under Maryland common law, the fact that he was not only convicted but sentenced would have entitled him to relief despite the fact that the prosecutions were simultaneously begun. *See Middleton v. State,* 318 Md. 749, 569 A.2d 1276 (1980), and *Griffiths v. State,* 93 Md.App. 125, 611 A.2d 1025 (1992).

*Grady v. Corbin,* on which Harris relies, is a refinement of federal constitutional double jeopardy law; it has no counterpart in Maryland common law. Harris's reliance on *Grady v. Corbin* and federal constitutional double jeopardy law fails, even though he has not only been convicted but fined on the lesser traffic charges, because the prosecutions were simultaneously instituted and the DWI and DUI charges are continuing rather than successive. Reliance on Maryland common law, on the other hand, would avail Harris naught, since for common law double jeopardy principles Maryland continues to follow what is now generally referred to as the *Blockburger* test (first articulated in *Morey v. Commonwealth,* 108 Mass. 433, 434 (1871)) to determine whether two offenses are the same, *i.e.,* whether one is a lesser included offense within the other. *See Middleton v. State, supra,* and *Griffiths v. State, supra.* Under no stretch of the imagination, using

the *Blockburger* test, is either negligent driving or failing to reduce speed a lesser included offense within either driving while intoxicated or driving while under the influence of alcohol. Proof of driving while intoxicated or under the influence of alcohol does not require proof of negligent driving or failing to reduce speed, or *vice versa*.

 It is of no significance, in determining whether there was a subsequent jeopardy, that the criminal information containing DWI and DUI charges was filed after Harris was already charged by traffic citations with the same offenses and, by payment of pre-set fines, had been convicted of negligent driving and failing to reduce speed. It is also of no significance that the State undertook to *nolle pros* the traffic citations in the District Court. The initial charges by traffic citations constituted a simultaneous prosecution of all four charges. Even if the conduct for which Harris has already been convicted were a necessary ingredient in proof of the DWI and DUI charges, neither *Grady v. Corbin* nor *res judicata* barred *continuing* prosecution on the DWI and DUI citations. Immediately upon the filing of the information, the District Court lost, and the circuit court gained, jurisdiction over the DWI and DUI charges. Consequently, there was then pending in the circuit court duplicate charges (by traffic citation and by information) for both driving while intoxicated and driving while under the influence of alcohol. So far, then, these charges were a continuation of the original simultaneous prosecutions. The State's subsequent attempt to *nolle pros* the DWI and DUI charges in the District Court was ineffective because the District Court no longer had jurisdiction over them.

Since the prosecutions for DWI and DUI were not successive to the prosecutions for negligent driving and failing to reduce speed, neither *res judicata* nor the double jeopardy concepts enunciated in *Grady v. Corbin* and relied on by Harris are applicable.

We hold, therefore, that the circuit court did not err in denying Harris's motion to dismiss Counts 6 and 7 of the information on grounds of double jeopardy.

IN APPEAL NO. 1804, SEPTEMBER TERM, 1991, JUDGMENT AFFIRMED, WITH COSTS TO BE PAID BY APPELLANT.

IN APPEAL NO. 573, SEPTEMBER TERM, 1992, JUDGMENT REVERSED, WITH COSTS TO BE PAID BY APPELLEE.